| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>ZBS LAW, LLP<br>Nichole L. Glowin (SBN 262932)<br>30 Corporate Park, Suite 450<br>Irvine, CA 92606<br>(Telephone) (714) 848-7920<br>(Fax) (714) 908-2615<br>Email: bankruptcy@zbslaw.com<br>File No. 19001066<br><br>☐ Individual appearing without attorney<br>☒ Attorney for *Movant* | FOR COURT USE ONLY |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

</div>

| | |
|---|---|
| In re:<br><br>Maximo Arturo Arriola,<br><br><div align="center">Debtor.</div> | CASE NO.: 6:23-bk-14028-SY<br><br>CHAPTER: 13<br><br><div align="center">**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. 362 (with supporting declarations) (REAL PROPERTY)**</div><br>DATE:  January 24, 2024<br><br>TIME:  9:30 a.m.<br><br>COURTROOM: 302 |
| **Movant:** Lakeview Loan Servicing, LLC | |

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367          ☐ 1415 State Street, Santa Barbara, CA 93101

   ☒ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 1                    **F 4001-1.RFS.RP.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____ ; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 12/28/2023

**ZBS LAW, LLP**

Printed name of law firm (if applicable)

Nichole L. Glowin

Printed name of individual Movant or attorney for Movant


/s/ Nichole L. Glowin

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☒ Other (*specify*): Movant is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Movant, directly or through an agent, has possession of the promissory note and the promissory note is either made payable to Movant or has been duly endorsed in blank.

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 4199 9th Street
   *Unit/suite number*:
   *City, State, zip code*: Riverside, CA 92501

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __2__): 2017-0131683 Recorded in Official Records, County of Riverside

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (*date*) __9/5/2023__.

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

       (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

       (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

       (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

       (A) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

       (B) ☒ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

       (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

       (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

       (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

       (F) ☒ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(3) ☐ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.

        ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____.

    which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☒ Multiple bankruptcy cases affecting the Property.

5. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion: (*Declaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*        Page 4        **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. §362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☒ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒ If relief from stay is not granted, adequate protection shall be ordered.

14. ☒ See attached continuation page for other relief requested.

Date: 12/28/2023

**ZBS Law, LLP**
Printed name of law firm (if applicable)
Nichole L. Glowin
Printed name of individual Movant or attorney for Movant
/s/ Nichole L. Glowin
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                Page 5                        **F 4001-1.RFS.RP.MOTION**

## REAL PROPERTY DECLARATION
### LINDA BROWN

I, (print name of Declarant) _____**LINDA BROWN**_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (specify):

   a. ☐  I am the Movant

   b. ☐  I am employed by Movant as (state title and capacity): **ASSISTANT SECRETARY**

   c. ☒  Other (specify):  I____**LINDA BROWN**____, a/an_____
   of  LoanCare, LLC as Attorney in Fact under a Limited Power of Attorney for Lakeview Loan Servicing, LLC, Movant.

2. a. ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐  Other (see attached):

3. The Movant is:

   a. ☐  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☐  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐  Servicing agent authorized to act on behalf of the:

   ☐  Holder.

   ☐  Beneficiary.

   d. ☒  Other (specify):  Movant is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Movant, directly or through an agent, has possession of the promissory note and the promissory note is either made payable to Movant or has been duly endorsed in blank.

4. a.  The address of the Property is:

   Street address: 4199 9th Street
   Unit/suite number:
   City, State, zip code: Riverside, CA 92501

   b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is: 2017-0131683 Recorded in Official Records, County of Riverside
   (See exhibit 2)

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

a. ☒ Debtor's principal residence    b. ☒ Other residence
c. ☐ Multi-unit residential    d. ☐ Commercial
e. ☐ Industrial    f. ☐ Vacant land
g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

a. ☐ Sole owner
b. ☒ Co-owner(s) (*specify*): Maximo Arriola, A Single Man: And Ingrid Carrillo, A Single Woman
c. ☐ Lienholder (*specify*):
d. ☐ Other (specify):
e. ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules.
f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.

   The deed was recorded on (*date*) _____.

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (specify) _____

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit __2__ .
   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit __1__ .
   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit __3__ .

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: [Plus Deferred Balance, if any] | $ | $ | $ 297,355.96 |
| b. | Accrued interest: | $ | $ | $ 49,100.18 |
| c. | Late charges | $ | $ | $ 0.00 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ 14,048.15 |
| e. | Advances (property taxes, insurance): | $ | $ | $ 26,102.18 |
| f. | Less suspense account or partial balance paid: | $[            ] | $[            ] | $[0.00            ] |
| g. | TOTAL CLAIM as of (*date*): 12/1/2023 | $ | $ | $ 386,606.47 |
| h. | ☐ Loan is all due and payable because it matured on (date)          _____ | | | |

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

a. Notice of default recorded on (*date*) 11/5/2018 ___ or ☐ none recorded.
b. Notice of sale recorded on (*date*) 8/10/2022 ___ or ☐ none recorded.
c. Foreclosure sale originally scheduled for (*date*) 9/30/2022 ___ or ☐ none scheduled.
d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.
e. Foreclosure sale already held on (*date*) _____ or ☒ none held.
f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit __4__ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $ _____ for the month of _____ 20 _____ .

    b. Number of payments that have come due and were not made: _____ . Total amount: $ _____

    c. Future payments due by time of anticipated hearing date (*if applicable*):
An additional payment of $ _____ will come due on (*date*) _____ , and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $ _____ will be charged to the loan.

    d. The fair market value of the Property is $ _____ established by:
        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____
        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____
        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____
        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (if any) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** | | | $ |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:
        (1) ☐ Preliminary title report.
        (2) ☐ Relevant portions of the Debtor's schedules.
        (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ _____ and is _____ % of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ _____ .

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

i. ☐ Estimated costs of sale: $ _____ (estimate based upon _____ % of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☒ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for *(or concluded on)* the following date: __10/25/2023__ .
A plan confirmation hearing currently scheduled for *(or concluded on)* the following date: __12/5/2023__ .
A plan was confirmed on the following date *(if applicable)*: _____ .

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| 3 | | $ 2,190.28 | $6,570.84 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____ .)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid: $
*(For details of type and amount, see Exhibit _____ )*

e. Attorneys' fees and costs: $ 1,749.00
*(For details of type and amount, see Exhibit _____ )*

f. Less suspense account or partial paid balance: $[0.00                    ]
       TOTAL POSTPETITION DELINQUENCY: $ 8,319.84

g. Future payments due by time of anticipated hearing date (if applicable): __1 (ONE)__ .
An additional payment of $ __2,206.98__ will come due on __1/1/2024__ , and on
the __1ST__ day of each month thereafter. If the payment is not received by the __15TH__ day of the month, a late charge of $ __4% of unpaid balance__ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$ __No payments made__ received on *(date)* _____
$ _____ received on *(date)* _____
$ _____ received on *(date)* _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____ . See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT.TRUSTEE)*.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 9                         F 4001-1.RFS.RP.MOTION

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date)_____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit_____.

16. ☐ Movant regained possession of the Property on (date)_____ which is ☐ prepetition ☐ postpetition

17. ☒ The bankruptcy case was filed in bad faith:

   a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☒ Other (specify): *See attached continuation page.*

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☒ Multiple bankruptcy cases affecting the Property include:

     1. Case name:   Maximo A Arriola (see exhibit "5")
       Chapter:   13       Case number:  6:2019-bk-11731
       Date filed:   3/4/2019     Date discharged:         Date dismissed:  9/20/2019
       Relief from stay regarding the Property ☐ was ☒ was not granted

     2. Case name:   Maximo A Arriola (see exhibit "6")
       Chapter:   13       Case number:  6:2019-bk-15323
       Date filed:   6/18/2019     Date discharged:         Date dismissed:  11/21/2019
       Relief from stay regarding the Property ☐ was ☒ was not granted

     3. Case name:   Maximo A Arriola (see exhibit "7")
       Chapter:   13       Case number:  6:2019-bk-18638
       Date filed:   9/30/2019     Date discharged:         Date dismissed:  7/27/2022
       Relief from stay regarding the Property ☐ was ☐ was not granted

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                   Page 10                         F 4001-1.RFS.RP.MOTION

19. ☐  Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐  These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐  Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____.

   c. ☐  For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12-27-23 | LINDA BROWN | _Signature_ |
|---|---|---|
| _Date_ | _Printed Name_ | |

Lakeview Loan Servicing, LLC by LoanCare, LLC as attorney in fact under a limited power of attorney

**ASSISTANT SECRETARY**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**OPTIONAL
CONTINUATION PAGE**

**I.    Introduction**

Maximo Arriola and Ingrid Carrillo ("Borrowers") executed a promissory note dated March 29, 2017 in the original principal amount of $313,222.00 with original lender Provident Savings Bank, F.S.B., secured by a first priority deed of trust on the real property located at 4199 9th Street, Riverside, CA 92501 (the "Property").

The Borrowers were, and currently are, delinquent in their obligation under the subject note. The note is contractually due for the May 1, 2020 payment and the total balance on the loan is $94,517.77. As a result of the default, a notice of default was first recorded against the property on November 5, 2018. Trustee's sale was scheduled for September 30, 2022; however, sale attempts by Movant were hindered or delayed by multiple bankruptcies affecting the Property. The bankruptcy filings were clearly initiated in an attempt to delay Movant's rights as each case was dismissed quickly. Due to the multiple filings, the stay did not go into effect for the debtor but Movant requests relief as to the Co-Debtor or in the alternative an order confirming the stay is not in effect as to the Debtor and the Co-Debtor.

**II.    18 b – continued:**

Case name:  Maximo A Arriola (see exhibit "8")
Chapter:     13     Case number:    6:2022-bk-13643
Date filed: 9/29/2022     Date discharged: _____     Date dismissed:  8/16/2022
Relief from stay regarding the Property  ☐ was  ☐ was not granted

Case name:  Maximo A Arriola (instant case)
Chapter:     13     Case number:    6:2023-bk-14028
Date filed: 9/5/2023     Date discharged: _____     Date dismissed: _____
Relief from stay regarding the Property  ☐ was  ☐ was not granted

**III.    Argument**

**Pursuant to 11 U.S.C. §362(d)(1)**, the Court may grant relief from stay "*for cause*." Here, Movant submits that '*cause*' readily exists to terminate the stay based on an extended failure to make payments. The Court in *In re Three Tuns, Inc.* 35 B.R. 110(1983), opined that the "continued failure to tender period payments to a secured creditor pursuant to the terms of an underlying loan can constitute "*cause*" for relief under §362(d)(1). The Court looked in *In re Galbraith*, 19 B.R. 563,565, (Bkrtcy. E.D.Pa. 1982) where it concluded that no payment for more than two years was sufficient cause to modify the stay pursuant to §362(d)(1). In *Three Tuns*, the Court concluded nineteen months' default was also sufficient to warrant relief from stay.

Here, the loan is in substantial default and the Borrower is currently contractually due for the payment that first came due on May 1, 2020 and the total balance on the loan is $94,517.77. Borrowers are clearly unable to remit payments since no payment has been received throughout the multiple bankruptcy filings. Thus, Movant submits that '*cause*' exists to immediately terminate the stay on this basis alone.

**Pursuant to 11 U.S.C. §362(d)(4)**, the filing of the bankruptcy petition commencing the instant case was part of a scheme to delay, hinder, or defraud.

Movant believes that the Borrowers are repeatedly filing bankruptcy cases in an attempt to delay, hinder, and defraud Movant. The multiple bankruptcy filings along with the instant bankruptcy proceeding have delayed and hindered Movant's efforts to proceed with its lawful foreclosure efforts. The Borrowers have not remitted one payment since the bankruptcy filing. Due to Borrowers' substantial contractual default and multiple bankruptcy filings in an effort to utilize Debtor's bankruptcy filing in bad faith, Movant respectfully request relief under 11 U.S.C. §362(d)(4) in all future bankruptcy cases affecting the Property so that Movant may pursue its state law remedies.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                Page 12                    **F 4001-1.RFS.RP.MOTION**

In the event that the case is dismissed prior to the hearing on Movant's Motion for Relief from the Automatic Stay, Movant is requesting that the Court retain its jurisdiction and keep the bankruptcy case open as Movant is requesting relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                              Page 13                              **F 4001-1.RFS.RP.MOTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
30 Corporate Park, Suite 450
Irvine, CA 92606

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/28/2023 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Benjamin Heston, Attorney                      bhestonecf@gmail.com
Rod Danielson (TR), Trustee                    notice-efile@rodan13.com
United States Trustee (RS)                      ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/28/2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/28/2023 | Katherine Kellams | /s/ Katherine Kellams |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re                    (SHORT TITLE) | CHAPTER: 13 |
|---|---|
| Maximo Arturo Arriola                          Debtor(s). | CASE NO.: 6:19-bk-11731-SY |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**SERVED BY UNITED STATES MAIL:**

**DEBTOR:**
Maximo Arturo Arriola
4199 9th St
Riverside, CA 92501

**CO-BORROWER:**
Ingrid Carrillo
4199 9th St
Riverside, CA 92501

**DEBTOR'S COUNSEL:**
Brian J Soo-Hoo
Bankruptcy Law Professionals
601 Parkcenter Dr Ste 105
Santa Ana, CA 92705-3543

**JUNIOR LIENHOLDER:**
California Housing Finance Agency
500 Capitol Mall Ste., 1400
MS 350
Sacramento, CA 95814-4740

**PRESIDING JUDGE (exhibits tabbed pursuant to LBR 9004-1(a)):**
United States Bankruptcy Court
Chambers of Honorable Scott H. Yun
3420 Twelfth Street, Suite 345
Riverside, CA 92501

*Served via Certified Mail: Tracking number: 9589 0710 5270 0574 9521 84

MIN #

Loan No.:

# Note

| FHA Case No. |
| --- |
|  |

March 29, 2017                     Riverside                        California
*(Date)*                              *(City)*                            *(State)*

4199 9TH STREET, RIVERSIDE, CA 92501
*(Property Address)*

1. **BORROWER'S PROMISE TO PAY.** In return for a loan that I have received, I promise to pay U.S. $ 313,222.00 (this amount is called "Principal"), plus interest to the order of the Lender. The Lender is Provident Savings Bank, F.S.B.

   I will make all payments under this Note in the form of cash, check or money order.

   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST.** Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      4.500%.

   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**

   **(A) Time and Place of Payments.** I will pay principal and interest by making a payment every month.

   I will make my monthly payment on the 1st  day of each month beginning on May 1, 2017          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest and other items in the order described in the Security Instrument before Principal. If, on April 1, 2047          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

   I will make my monthly payments at 3756 Central Ave., Riverside, CA   92506
                                                                          or at a different place if required by the Note Holder.

   **(B) Amount of Monthly Payments.** My monthly payment will be in the amount of U.S. $1,587.05               .

4. **BORROWER'S RIGHT TO PREPAY.** I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

   I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to any accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

FHA Multistate Fixed Rate Note
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
1/21/2015
VMP1R (1502)
Page 1 of 3

## EXHIBIT 1

5. **LOAN CHARGES.** If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**

   (A) **Late Charge for Overdue Payments.** If the Note Holder has not received the full amount of any monthly payment by the end of  fifteen  calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  4.000% of my overdue payment of principal and interest.

   I will pay this late charge promptly but only once on each late payment.

   (B) **Default.** If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   (C) **Notice of Default.** If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

   (D) **No Waiver By Note Holder.** Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   (E) **Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES.** Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

   Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. **OBLIGATIONS OF PERSONS UNDER THIS NOTE.** If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **WAIVERS.** I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

FHA Multistate Fixed Rate Note
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
1/21/2015
VMP1R (1502)
Page 2 of 3

EXHIBIT 1

10. **UNIFORM SECURED NOTE.** This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

> If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

> If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
MAXIMO ARRIOLA                **-Borrower**

_____ (Seal)
INGRID CARRILLO              **-Borrower**

_____ (Seal)
**-Borrower**

_____ (Seal)
**-Borrower**

*(Sign Original Only)*

☐ Refer to the attached *Signature Addendum* for additional parties and signatures.

**Loan Origination Organization:** Provident Savings Bank, F.S.B.
**NMLS ID:**
**Loan Originator:** KATHERINE YORK
**NMLS ID:**

**Pay To The Order Of**

_____

**Without Recourse**
**Lakeview Loan Servicing LLC**
**By** *Donna Harkness*
**Donna Harkness, Vice President**

FHA Multistate Fixed Rate Note
Bankers System ™ VMP ®
Wolters Kluwer Financial Services

243-700049240
1/21/2015
VMP1R (1502)
Page 3 of 3

EXHIBIT 1

# NOTE ALLONGE

Loan Number:                                    MIN #:

Borrower(s):  MAXIMO ARRIOLA
              INGRID CARRILLO

Property Address:  4199 9TH STREET
                   RIVERSIDE, CA 92501

Note/Loan Amount: $313,222.00

Note/Loan Date:  3/29/2017

*PAY TO THE ORDER OF:*

## Lakeview Loan Servicing LLC

WITHOUT RECOURSE

Company Name:  Provident Savings Bank, F.S.B.

Authorized Signature:

Printed Name and Title of Authorized Signer:

McKinley A. Drew, Vice President

# EXHIBIT 1

DOC # 2017-0131683
04/03/2017 08:00 AM Fees: $66.00
Page 1 of 18
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**Recording Requested By:**
Provident Savings Bank, F.S.B.

**\*\*This document was electronically submitted
to the County of Riverside for recording\*\***
Receipted by: MARY #420

**Return To:**

Provident Savings Bank, F.S.B.
3756 Central Avenue
Riverside, CA 92506

**Prepared By:**
Provident Savings Bank,
F.S.B.

# Deed of Trust

**Property Address:** 4199 9TH STREET, RIVERSIDE, CA
92501
**APN:** 214-292-016-1

| FHA Case No. |
| --- |
| ( |

**MIN:**

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 15.

**(A)** **"Security Instrument"** means this document, which is dated March 29, 2017       , together with all Riders to this document.

**(B)** **"Borrower"** is MAXIMO ARRIOLA, A SINGLE MAN; AND INGRID CARRILLO, A SINGLE WOMAN

Borrower's address is 11416 HOLMES AVENUE, Apt. 14, MIRA LOMA, CA 91752
                                        . Borrower is the trustor under this Security Instrument.

**(C)** **"Lender"** is Provident Savings Bank, F.S.B.

Lender is a  Federal Corporation

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
8/30/2014
VMP4N(CA) (1605)
Page 1 of 17

# EXHIBIT 2

organized and existing under the laws of the United States of America
Lender's address is 3756 Central Ave., Riverside, CA   92506

(D)  **"Trustee"** is Provident Financial Corp., a California Corporation

(E)  **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F)  **"Note"** means the promissory note signed by Borrower and dated March 29, 2017      . The Note states that Borrower owes Lender three hundred thirteen thousand two hundred twenty-two and 00/100
Dollars (U.S. $313,222.00      ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than April 1, 2047

(G)  **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

(H)  **"Loan"** means the debt evidenced by the Note, plus interest, and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I)  **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider     ☐ Condominium Rider     ☐ Planned Unit Development Rider
☐ Other
☐ Rehabilitation Loan Rider

(J)  **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K)  **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L)  **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M)  **"Escrow Items"** means those items that are described in Section 3.

(N)  **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 2 of 17

EXHIBIT 2

damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O)** **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P)** **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q)** **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R)** **"Secretary"** means the Secretary of the United States Department of Housing and Urban Development or his designee.

**(S)** **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

### TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

|  County | of | Riverside | : |
|---|---|---|---|
| *(Type of Recording Jurisdiction)* | | *(Name of Recording Jurisdiction)* | |

See Attached: See Legal Description attached hereto and made a part hereof.

**Parcel ID Number:** 214-292-016-1                     which currently has the address of
4199 9TH STREET                                                                          *(Street)*
RIVERSIDE                                        *(City)*, California 92501        *(Zip Code)*
("Property Address"):

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1606)
Page 3 of 17

EXHIBIT 2

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1.  **Payment of Principal, Interest, Escrow Items, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

    Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 14. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2.  **Application of Payments or Proceeds.** Except as expressly stated otherwise in this Security Instrument or the Note, all payments accepted and applied by Lender shall be applied in the following order of priority:

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 4 of 17

EXHIBIT 2

First, to the Mortgage Insurance premiums to be paid by Lender to the Secretary or the monthly charge by the Secretary instead of the monthly mortgage insurance premiums;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and,

Fifth, to late charges due under the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3.  **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums to be paid by Lender to the Secretary or the monthly charge by the Secretary instead of the monthly Mortgage Insurance premiums. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 14 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

8/30/2014
VMP4N(CA) (1506)
Page 5 of 17

EXHIBIT 2

under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.  **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

    Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

5.  **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 6 of 17

EXHIBIT 2

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 7 of 17

EXHIBIT 2

Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.  **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that this requirement shall cause undue hardship for the Borrower or unless extenuating circumstances exist which are beyond Borrower's control.

7.  **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

    If condemnation proceeds are paid in connection with the taking of the property, Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts, and then to payment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments or change the amount of such payments.

    Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.  **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.  **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1505)
Page 8 of 17

EXHIBIT 2

repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
8/30/2014
VMP4N(CA) (1605)
Page 8 of 17

EXHIBIT 2

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 10 of 17

# EXHIBIT 2

Subject to the provisions of Section 17, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 19) and benefit the successors and assigns of Lender.

**13. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. Lender may collect fees and charges authorized by the Secretary. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment with no changes in the due date or in the monthly payment amount unless the Lender agrees in writing to those changes. Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**14. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**15. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 11 of 17

EXHIBIT 2

conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**16. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 17, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to reinstatement of a mortgage. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. However, Lender is not required to reinstate if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding; (ii) reinstatement will preclude foreclosure on different grounds in the future; or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 17.

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 12 of 17

## EXHIBIT 2

19. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 14) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this Section. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 17 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 19.

20. **Borrower Not Third-Party Beneficiary to Contract of Insurance.** Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower acknowledges and agrees that the Borrower is not a third party beneficiary to the contract of insurance between the Secretary and Lender, nor is Borrower entitled to enforce any agreement between Lender and the Secretary, unless explicitly authorized to do so by Applicable Law.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 13 of 17

EXHIBIT 2

Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 17 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 14 of 17

EXHIBIT 2

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

26. **Waiver of Homestead.** Borrower waives all right of homestead exemption in the Property.

27. **Attorneys' Fees.** As used in this Security Instrument and the Note, attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding.

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 15 of 17

EXHIBIT 2

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to Borrower at the address set forth above.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
MAXIMO ARRIOLA                  **-Borrower**


_____ (Seal)
INGRID CARRILLO                 **-Borrower**


_____ (Seal)
                                **-Borrower**


_____ (Seal)
                                **-Borrower**


☐ Refer to the attached *Signature Addendum* for additional parties and signatures.

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 16 of 17

# EXHIBIT 2

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of** CALIFORNIA
**County of** Riverside
On March 30th 2017 , before me Brandy Hernandez
Notary Public, personally appeared

Maximo Arriola and Ingrid Carrillo

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> **BRANDY HERNANDEZ**
> Commission # 2100047
> Notary Public - California
> Riverside County
> My Comm. Expires Feb 13, 2019

*Notary Public*

My commission expires: 2|13|19

**Loan Origination Organization:** Provident Savings Bank, F.S.B.
**NMLS ID:**
**Loan Originator:** KATHERINE YORK
**NMLS ID:**

FHA Deed of Trust With MERS-CA
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

243-700049240
9/30/2014
VMP4N(CA) (1605)
Page 17 of 17

# EXHIBIT 2

## SCHEDULE A

The land hereinafter referred to is situated in the City of Riverside, County of Riverside, State of CA, and is described as follows:

That portion of Block 8, Range 11, in the City of Riverside, County of Riverside, State of California, as shown by map on file in Book 7, Page 17 of Maps, records of San Bernardino County, California, described as follows:

Commencing at the Southwesterly corner of said Block; thence Easterly along the Northerly line of Ninth Street, 80 feet; thence at right angles Northerly and parallel with the Easterly line of Locust Street, 55 feet; thence at right angles Westerly and parallel with the Northerly line of Ninth Street, 80 feet to the Easterly line of Locust Street; thence Southerly on the Easterly line of Locust Street, 55 feet to the point of beginning.

APN: 214-292-016-1

EXHIBIT 2

DOC # 2018-0435358
10/05/2018 04:01 PM Fees: $99.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Requested and Prepared by:
Zieve, Brodnax & Steele, LLP

When Recorded Mail To:
LoanCare, LLC
3637 Sentara Way
Virginia Beach, VA 23452

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: ALYCIA #778

---

TS No:

MERS MIN:
MERS PH: 1-888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns, and transfers to:
**Lakeview Loan Servicing, LLC** All beneficial interest under that certain Deed of Trust dated: 3/29/2017 executed by MAXIMO ARRIOLA A SINGLE MAN; AND INGRID CARRILLO, A SINGLE WOMAN, as Trustor(s), and Mortgage Electronic Registration Systems, Inc., as nominee for PROVIDENT SAVINGS BANK, F.S.B., its successors and assigns, as Beneficiary, to PROVIDENT FINANCIAL CORP., as Trustee, and recorded on 4/3/2017 as Instrument Number 2017-0131683   of Official Records, in the office of the County Recorder of Riverside County, California and also all rights accrued or to accrue under said Deed of Trust.
**MERS Address: P.O. Box 2026 Flint, MI 48501-2026**

Dated: October 30, 2018

By:  **Mortgage Electronic Registration Systems, Inc., as nominee for PROVIDENT SAVINGS BANK, F.S.B., its successors and assigns**

_Keith T Woodhouse_
**KEITH T. WOODHOUSE**
**Assistant Secretary**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of   **VIRGINIA**
City of   **VIRGINIA BEACH**

On 10/30/18  before me,   **ASHLEY N. ROUSE**   Notary Public, personally appeared   **KEITH T. WOODHOUSE**   who proved to me on the basis of satisfactory evidence  to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of   **VIRGINIA**   that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _Ashley N. Rouse_ (Seal)

**ASHLEY N. ROUSE**

ASHLEY N. ROUSE
Notary Public
Commonwealth of Virginia
Registration No. 7758175
My Commission Expires 1-31-21

## EXHIBIT 3

| LOAN NUMBER | | | | | | Last Name | ARRIOLA | | | Case | 23-14028 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| | | | | | | | | | BK Filed Date | 9/5/2023 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 1st Post Due date | 10/1/2023 | $ | 2,190.28 |

| Transaction Date | Amount Received | Credit to Suspense | Debit from Suspense | Suspense Balance | Transaction Details | Debtor | PP Payment | Trustee | Debtor Balance | PP Payment Balance | Trustee Balance | Date Applied to Post-Petition | Date Applied to Contractually |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | $ - | | | | | $ - | $ - | $ - | | |
| | | | | $ - | No payment received | | | | $ - | $ - | $ - | | |
| | | | | $ - | | | | | $ - | $ - | $ - | | |
| | | | | $ - | | | | | $ - | $ - | $ - | | |
| | | | | $ - | | | | | $ - | $ - | $ - | | |
| | | | | $ - | | | | | $ - | $ - | $ - | | |
| | | | | $ - | | | | | $ - | $ - | $ - | | |
| | | | | $ - | | | | | $ - | $ - | $ - | | |
| | | | | $ - | | | | | $ - | $ - | $ - | | |
| | | | | $ - | | | | | $ - | $ - | $ - | | |

EXHIBIT A

Printed on Nov 28 2023 12:45 pm

# 6:19-bk-15323 - Maximo Arturo Arriola

Docket Header Last Updated: 3/18/2020 2:49 pm

### Repeat-cacb, RepeatPACER, AmdPln13F, DISMISSED, CLOSED

## U.S. Bankruptcy Court
## Central District of California (Riverside)
## Bankruptcy Petition #: 6:19-bk-15323-SY

| | |
|---|---|
| | *Date filed:* 06/18/2019 |
| *Assigned to:* Scott H. Yun | *Date terminated:* 11/21/2019 |
| Chapter 13 | *Debtor dismissed:* 09/11/2019 |
| Voluntary | *341 meeting:* 07/31/2019 |
| Asset | |
| Claims Register | |

*Debtor disposition:* Dismissed for Other
Reason

| | |
|---|---|
| ***Debtor*** | represented by **Brian J Soo-Hoo** |
| **Maximo Arturo Arriola** | Bankruptcy Law Professionals |
| 4199 9th St | 601 Parkcenter Dr Ste 105 |
| Riverside, CA 92501 | Santa Ana, CA 92705-3543 |
| RIVERSIDE-CA | 714-589-2252 |
| SSN / ITIN: xxx-xx-9557 | Fax : 714-589-2254 |
| ***aka* Maximo A Arriola** | Email: ecf@bankruptcylawpros.com |

***Trustee***
**Rod Danielson (TR)**
3787 University Avenue
Riverside, CA 92501

## EXHIBIT 5

(951) 826-8000

**U.S. Trustee**

**United States Trustee (RS)**

3801 University Avenue, Suite 720

Riverside, CA 92501-3200

(951) 276-6990

---

| | | |
|---|---|---|
| 11/21/2019 | 38 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Mason, Shari) (Entered: 11/21/2019) |
| 11/18/2019 | **37** | Proof of service Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod (SY)) (Entered: 11/18/2019) |
| 11/15/2019 | **36** | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod (SY)) (Entered: 11/15/2019) |
| 11/15/2019 | **35** | Chapter 13 Trustee's Final Report and Account Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod (SY)) (Entered: 11/15/2019) |
| 09/18/2019 | **34** | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod (SY)) (Entered: 09/18/2019) |
| 09/13/2019 | **33** | BNC Certificate of Notice (RE: related document(s) 32 ORDER and Notice of Dismissal arising from Ch 13 Conf. Hrg. (BNC)) No. of Notices: 10. Notice Date 09/13/2019. (Admin.) (Entered: 09/13/2019) |
| 09/11/2019 | **32** | ORDER and Notice of dismissal arising from chapter 13 confirmation hearing - **Debtor** Dismissed. (BNC) (RE: related document(s) 8 Meeting (AutoAssign Chapter 13), 9 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Maximo Arturo Arriola) (Mason, Shari) (Entered: 09/11/2019) |
| 09/10/2019 | **31** | Document, Hearing Held - CASE DISMISSED WITHOUT PREJUDICE - (RE: related document(s) 2 Chapter 13 Plan (LBR F3015-1) filed by Debtor Maximo Arturo Arriola, 28 Amended Chapter 13 Plan filed by Debtor Maximo Arturo Arriola) (Mason, Shari) (Entered: 09/11/2019) |
| 09/06/2019 | **30** | Declaration re: *Contribution to Chapter 13 Plan* Filed by Debtor Maximo Arturo Arriola (RE: related document(s) 17 Declaration, 26 Declaration). (Soo-Hoo, Brian) (Entered: 09/06/2019) |
| 09/06/2019 | **29** | Amended Schedule I Individual: Your Income (Official Form 106I) Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 09/06/2019) |
| 09/06/2019 | **28** | Amended Chapter 13 Plan Filed by Debtor Maximo Arturo Arriola (RE: related document(s) 2 Chapter 13 Plan (LBR F3015-1). Filed by Debtor Maximo Arturo Arriola.). (Soo-Hoo, Brian) (Entered: 09/06/2019) |

# EXHIBIT 5

| Date Filed | # | Docket Text |
|---|---|---|
| 09/06/2019 | 27 | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 09/06/2019) |
| 09/06/2019 | 26 | Declaration re: *Contribution to Chapter 13 Plan* Filed by Debtor Maximo Arturo Arriola (RE: related document(s) 17 Declaration). (Soo-Hoo, Brian) (Entered: 09/06/2019) |
| 09/06/2019 | 25 | Declaration re: *Bank Accounts* Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 09/06/2019) |
| 08/29/2019 | 24 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 22 Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF)) No. of Notices: 1. Notice Date 08/29/2019. (Admin.) (Entered: 08/29/2019) |
| 08/27/2019 | 23 | Objection to Confirmation of Plan Filed by Creditor Lakeview Loan Servicing, LLC (RE: related document(s) 2 Chapter 13 Plan (LBR F3015-1). Filed by Debtor Maximo Arturo Arriola.). (Krause, Mark) (Entered: 08/27/2019) |
| 08/27/2019 | 22 | Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF) (Related Doc # 9 ). Signed on 8/27/2019 (Potier, Cynthia) (Entered: 08/27/2019) |
| 08/26/2019 | 21 | Hearing Set (RE: related document(s) 2 Chapter 13 Plan (LBR F3015-1) filed by Debtor Maximo Arturo Arriola) Confirmation hearing to be held on **9/10/2019 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 08/26/2019) |
| 08/22/2019 | 20 | Notice of lodgment Filed by Debtor Maximo Arturo Arriola (RE: related document(s) 9 Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 4199 9th St., Riverside, CA 92501 . Fee Amount $181.). (Soo-Hoo, Brian) (Entered: 08/22/2019) |
| 08/02/2019 | 19 | Objection to Confirmation of Chapter 13 Plan . (Danielson (TR), Rod (SY)) (Entered: 08/02/2019) |
| 07/30/2019 | 18 | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 07/30/2019) |
| 07/25/2019 | 17 | Declaration re: *Contribution to Chapter 13 Plan* Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 07/25/2019) |
| 07/17/2019 | 16 | Document/Hearing Held - GRANTED - (RE: related document(s) 9 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Maximo Arturo Arriola) (Potier, Cynthia) (Entered: 07/18/2019) |
| 07/08/2019 | 15 | Chapter 13 Trustee's Notice of Requirements Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod (SY)) (Entered: 07/08/2019) |
| 06/21/2019 | 14 | BNC Certificate of Notice (RE: related document(s) 8 Meeting (AutoAssign Chapter 13)) No. of Notices: 7. Notice Date 06/21/2019. (Admin.) (Entered: 06/21/2019) |
| 06/21/2019 | 13 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Krause, Mark. (Krause, Mark) (Entered: 06/21/2019) |
| 06/20/2019 | 12 | Hearing Set (RE: related document(s) 9 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Maximo Arturo Arriola) The Hearing date is set for **7/17/2019 at 09:30 AM** at Crtrm 302, 3420 Twelfth St., |

EXHIBIT 5

| Date Filed | # | Docket Text |
|---|---|---|
| | | Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 06/20/2019) |
| 06/20/2019 | | Receipt of Motion for Relief - Imposing a Stay or Continuing the Automatic Stay(6:19-bk-15323-SY) [motion,nmis] ( 181.00) Filing Fee. Receipt number 49260570. Fee amount 181.00. (re: Doc# 9) (U.S. Treasury) (Entered: 06/20/2019) |
| 06/20/2019 | 11 | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 06/20/2019) |
| 06/20/2019 | 10 | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 06/20/2019) |
| 06/20/2019 | 9 | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 4199 9th St., Riverside, CA 92501 . Fee Amount $181, Filed by Debtor Maximo Arturo Arriola (Soo-Hoo, Brian) (Entered: 06/20/2019) |
| 06/19/2019 | 7 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 06/19/2019) |
| 06/19/2019 | | Notice of Debtor's Prior Filings for debtor Maximo Arturo Arriola Case Number 19-11731, Chapter 13 filed in California Central Bankruptcy on 03/04/2019 , Dismissed for Other Reason on 05/23/2019.(Admin) (Entered: 06/19/2019) |
| 06/19/2019 | 0 | Notice of Debtor's Prior Filings for debtor Maximo Arturo Arriola Case Number 19-11731, Chapter 13 filed in California Central Bankruptcy on 03/04/2019 , Dismissed for Other Reason on 05/23/2019.(Admin) (Entered: 06/19/2019) |
| 06/18/2019 | 8 | Meeting of Creditors with 341(a) meeting to be held on 07/31/2019 at 09:00 AM at RM 101, 3801 University Ave., Riverside, CA 92501. Confirmation hearing to be held on 09/10/2019 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. Proof of Claim due by 08/27/2019. (Soo-Hoo, Brian) (Entered: 06/18/2019) |
| 06/18/2019 | | Meeting of Creditors with 341(a) meeting to be held on 07/31/2019 at 09:00 AM at RM 101, 3801 University Ave., Riverside, CA 92501. Confirmation hearing to be held on 09/10/2019 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. Proof of Claim due by 08/27/2019. (Soo-Hoo, Brian) (Entered: 06/18/2019) |
| 06/18/2019 | | Receipt of Voluntary Petition (Chapter 13)(6:19-bk-15323) [misc,volp13] ( 310.00) Filing Fee. Receipt number 49245300. Fee amount 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 06/18/2019) |
| 06/18/2019 | 6 | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 06/18/2019) |
| 06/18/2019 | 5 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 06/18/2019) |
| 06/18/2019 | 4 | Certificate of Credit Counseling Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 06/18/2019) |
| 06/18/2019 | 3 | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 06/18/2019) |
| 06/18/2019 | 2 | Chapter 13 Plan (LBR F3015-1). Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 06/18/2019) |

EXHIBIT 5

| Date Filed | # | Docket Text |
|---|---|---|
| 06/18/2019 | 1 | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Maximo Arturo Arriola (Soo-Hoo, Brian) (Entered: 06/18/2019) |

EXHIBIT 5

Printed on Nov 28 2023 12:45 pm

# 6:19-bk-11731 - Maximo Arturo Arriola

Docket Header Last Updated: 3/18/2020 2:41 pm

**AmdPln13F, CLOSED, DISMISSED**

## U.S. Bankruptcy Court
## Central District of California (Riverside)
## Bankruptcy Petition #: 6:19-bk-11731-SY

| | |
|---|---|
| | *Date filed:* 03/04/2019 |
| *Assigned to:* Scott H. Yun | *Date terminated:* 09/20/2019 |
| Chapter 13 | *Debtor dismissed:* 05/23/2019 |
| Voluntary | *341 meeting:* 05/15/2019 |
| Asset | |
| Claims Register | |

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| **_Debtor_** | represented by **Brian J Soo-Hoo** |
| **Maximo Arturo Arriola** | Bankruptcy Law Professionals |
| 4199 9th St | 601 Parkcenter Dr Ste 105 |
| Riverside, CA 92501 | Santa Ana, CA 92705-3543 |
| RIVERSIDE-CA | 714-589-2252 |
| SSN / ITIN: xxx-xx-9557 | Fax : 714-589-2254 |
| *aka* Maximo A Arriola | Email: ecf@bankruptcylawpros.com |

*Trustee*
**Rod Danielson (TR)**
3787 University Avenue
Riverside, CA 92501

EXHIBIT 6

(951) 826-8000

**U.S. Trustee**

**United States Trustee (RS)**

3801 University Avenue, Suite 720

Riverside, CA 92501-3200

(951) 276-6990

---

| 09/20/2019 | 38 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Mason, Shari) (Entered: 09/20/2019) |
| 08/20/2019 | **37** | Proof of service Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod (SY)) (Entered: 08/20/2019) |
| 08/20/2019 | **36** | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod (SY)) (Entered: 08/20/2019) |
| 08/20/2019 | **35** | Chapter 13 Trustee's Final Report and Account Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod (SY)) (Entered: 08/20/2019) |
| 06/10/2019 | **34** | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod (SY)) (Entered: 06/10/2019) |
| 05/25/2019 | **33** | BNC Certificate of Notice (RE: related document(s) 32 ORDER and Notice of Dismissal arising from Ch 13 Conf. Hrg. (BNC)) No. of Notices: 8. Notice Date 05/25/2019. (Admin.) (Entered: 05/25/2019) |
| 05/23/2019 | **32** | ORDER and Notice of dismissal arising from chapter 13 confirmation hearing - **Debtor** Dismissed. (BNC) (RE: related document(s) 4 Meeting (AutoAssign Chapter 13), 21 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF) filed by Trustee Rod Danielson (TR)) (Potier, Cynthia) (Entered: 05/23/2019) |
| 05/21/2019 | **31** | Document/Hearing Held - CASE DISMISSED without prejudice - (RE: related document(s) 27 Amended Chapter 13 Plan filed by Debtor Maximo Arturo Arriola) (Potier, Cynthia) (Entered: 05/23/2019) |
| 05/21/2019 | **30** | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 05/21/2019) |
| 05/20/2019 | **29** | Declaration re: *Contribution to Chapter 13 Plan* Filed by Debtor Maximo Arturo Arriola (RE: related document(s) 26 Declaration). (Soo-Hoo, Brian) (Entered: 05/20/2019) |
| 05/20/2019 | **28** | Declaration re: *Debtor* Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 05/20/2019) |

# EXHIBIT 6

| Date Filed | # | Docket Text |
|---|---|---|
| 05/14/2019 | 27 | Amended Chapter 13 Plan Filed by Debtor Maximo Arturo Arriola (RE: related document(s) 14 Chapter 13 Plan (LBR F3015-1) Filed by Debtor Maximo Arturo Arriola (RE: related document(s) 1 Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Maximo Arturo Arriola Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 03/18/2019. Schedule A/B: Property (Form 106A/B or 206A/B) due 03/18/2019. Schedule C: The Property You Claim as Exempt (Form 106C) due 03/18/2019. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 03/18/2019. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 03/18/2019. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 03/18/2019. Schedule H: Your Codebtors (Form 106H or 206H) due 03/18/2019. Schedule I: Your Income (Form 106I) due 03/18/2019. Schedule J: Your Expenses (Form 106J) due 03/18/2019. Statement of Financial Affairs (Form 107 or 207) due 03/18/2019. Chapter 13 Plan (LBR F3015-1) due by 03/18/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 03/18/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) due: 03/18/2019. Statement of Related Cases (LBR Form F1015-2) due 03/18/2019. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 03/18/2019. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 03/18/2019. Incomplete Filings due by 03/18/2019.).). (Soo-Hoo, Brian) (Entered: 05/14/2019) |
| 05/14/2019 | 26 | Declaration re: Contribution to Chapter 13 Plan Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 05/14/2019) |
| 05/14/2019 | 25 | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 05/14/2019) |
| 05/14/2019 | 24 | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 05/14/2019) |
| 05/07/2019 | 23 | Objection to Confirmation of Plan Filed by Creditor LakeView Loan Servicing, LLC (RE: related document(s) 14 Chapter 13 Plan (LBR F3015-1) Filed by Debtor Maximo Arturo Arriola (RE: related document(s) 1 Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Maximo Arturo Arriola Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 03/18/2019. Schedule A/B: Property (Form 106A/B or 206A/B) due 03/18/2019. Schedule C: The Property You Claim as Exempt (Form 106C) due 03/18/2019. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 03/18/2019. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 03/18/2019. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 03/18/2019. Schedule H: Your Codebtors (Form 106H or 206H) due 03/18/2019. Schedule I: Your Income (Form 106I) due 03/18/2019. Schedule J: Your Expenses (Form 106J) due 03/18/2019. Statement of Financial Affairs (Form 107 or 207) due 03/18/2019. Chapter 13 Plan (LBR F3015-1) due by 03/18/2019. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 03/18/2019. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 03/18/2019. Statement of Related Cases (LBR Form F1015-2) due 03/18/2019. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 03/18/2019. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 03/18/2019. Incomplete Filings due by 03/18/2019.).). (Krause, Mark) (Entered: 05/07/2019) |
| 05/06/2019 | 22 | Hearing Set (RE: related document(s) 14 Chapter 13 Plan (LBR F3015-1) filed by Debtor Maximo Arturo Arriola) Confirmation hearing to be held on 5/21/2019 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 05/06/2019) |
| 04/15/2019 | 21 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Rod Danielson (TR). 341(a) Meeting Continued to 5/15/2019 at 10:00 AM at RM 101, 3801 University Ave., Riverside, CA 92501. (Danielson (TR), Rod) (Entered: 04/15/2019) |
| 04/11/2019 | 20 | Objection to Confirmation of Chapter 13 Plan . (Danielson (TR), Rod (SY)) (Entered: 04/11/2019) |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2019 | **19** | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 04/10/2019) |
| 04/10/2019 | 18 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s) 17 Declaration About an Individual Debtor's Schedules (Official Form 106Dec) filed by Debtor Maximo Arturo Arriola) (Jefferson, Angie) (Entered: 04/10/2019) |
| 04/09/2019 | **17** | Declaration About an Individual Debtor's Schedules (Official Form 106Dec) Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) WARNING: See docket entry no. 18 for corrective actions. Modified on 4/10/2019 (Jefferson, Angie). (Entered: 04/09/2019) |
| 03/28/2019 | **16** | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 03/28/2019) |
| 03/26/2019 | **15** | Notice of Mortgage Payment Change (No Proof of Claim Filed) with Certificate of Service (Official Form 410S-1) Filed by Creditor LakeView Loan Servicing, LLC. (McCartney, Erin) (Entered: 03/26/2019) |
| 03/18/2019 | | Receipt of Amended List of Creditors (Fee)(6:19-bk-11731-SY) [misc,amdcm] ( 31.00) Filing Fee. Receipt number 48703982. Fee amount 31.00. (re: Doc# 11) (U.S. Treasury) (Entered: 03/18/2019) |
| 03/18/2019 | **14** | Chapter 13 Plan (LBR F3015-1) Filed by Debtor Maximo Arturo Arriola (RE: related document(s) 1 Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Maximo Arturo Arriola Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due **03/18/2019**. Schedule A/B: Property (Form 106A/B or 206A/B) due **03/18/2019**. Schedule C: The Property You Claim as Exempt (Form 106C) due **03/18/2019**. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due **03/18/2019**. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due **03/18/2019**. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due **03/18/2019**. Schedule H: Your Codebtors (Form 106H or 206H) due **03/18/2019**. Schedule I: Your Income (Form 106I) due **03/18/2019**. Schedule J: Your Expenses (Form 106J) due **03/18/2019**. Statement of Financial Affairs (Form 107 or 207) due **03/18/2019**. Chapter 13 Plan (LBR F3015-1) due by **03/18/2019**. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: **03/18/2019**. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: **03/18/2019**. Statement of Related Cases (LBR Form F1015-2) due **03/18/2019**. Disclosure of Compensation of Attorney for Debtor (Form 2030) due **03/18/2019**. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by **03/18/2019**. Incomplete Filings due by **03/18/2019**.). (Soo-Hoo, Brian) (Entered: 03/18/2019) |
| 03/18/2019 | **13** | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Maximo Arturo Arriola (RE: related document(s) 1 Voluntary Petition (Chapter 13)). (Soo-Hoo, Brian) (Entered: 03/18/2019) |
| 03/18/2019 | **12** | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 03/18/2019) |
| 03/18/2019 | **11** | Statement of Related Cases (LBR Form 1015-2.1) , Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106E/F or 206E/F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Disclosure of Compensation of Attorney for |

EXHIBIT 6

| Date Filed | # | Docket Text |
|---|---|---|
| | | Debtor (Official Form 2030) , Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years, Disposable Income Is Determined (Official Form 122C-1) , Verification of Master Mailing List of Creditors (LBR Form F1007-1) , Amendment to List of Creditors. Fee Amount $31 Filed by Debtor Maximo Arturo Arriola (RE: related document(s) 1 Voluntary Petition (Chapter 13)). (Soo-Hoo, Brian) (Entered: 03/18/2019) |
| 03/13/2019 | 10 | Statement Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod (SY)) (Entered: 03/13/2019) |
| 03/12/2019 | 9 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Krause, Mark. (Krause, Mark) (Entered: 03/12/2019) |
| 03/07/2019 | 8 | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Maximo Arturo Arriola) No. of Notices: 1. Notice Date 03/07/2019. (Admin.) (Entered: 03/07/2019) |
| 03/07/2019 | 7 | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Maximo Arturo Arriola) No. of Notices: 1. Notice Date 03/07/2019. (Admin.) (Entered: 03/07/2019) |
| 03/07/2019 | 6 | BNC Certificate of Notice (RE: related document(s) 4 Meeting (AutoAssign Chapter 13)) No. of Notices: 4. Notice Date 03/07/2019. (Admin.) (Entered: 03/07/2019) |
| 03/05/2019 | 5 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 03/05/2019) |
| 03/04/2019 | 4 | Meeting of Creditors with 341(a) meeting to be held on **04/10/2019 at 10:00 AM** at RM 101, 3801 University Ave., Riverside, CA 92501. Confirmation hearing to be held on **05/21/2019 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. Proof of Claim due by **05/13/2019**. (Soo-Hoo, Brian) (Entered: 03/04/2019) |
| 03/04/2019 | | Receipt of Voluntary Petition (Chapter 13)(6:19-bk-11731) [misc,volp13] ( 310.00) Filing Fee. Receipt number 48623720. Fee amount 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 03/04/2019) |
| 03/04/2019 | 3 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 03/04/2019) |
| 03/04/2019 | 2 | Certificate of Credit Counseling Filed by Debtor Maximo Arturo Arriola. (Soo-Hoo, Brian) (Entered: 03/04/2019) |
| 03/04/2019 | 1 | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Maximo Arturo Arriola Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due **03/18/2019**. Schedule A/B: Property (Form 106A/B or 206A/B) due **03/18/2019**. Schedule C: The Property You Claim as Exempt (Form 106C) due **03/18/2019**. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due **03/18/2019**. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due **03/18/2019**. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due **03/18/2019**. Schedule H: Your Codebtors (Form 106H or 206H) due **03/18/2019**. Schedule I: Your Income (Form 106I) due **03/18/2019**. Schedule J: Your Expenses (Form 106J) due **03/18/2019**. Statement of Financial Affairs (Form 107 or 207) due **03/18/2019**. Chapter 13 Plan (LBR F3015-1) due by **03/18/2019**. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: **03/18/2019**. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: **03/18/2019**. Statement of Related Cases (LBR Form F1015-2) due **03/18/2019**. Disclosure of Compensation of Attorney for Debtor (Form 2030) due **03/18/2019**. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by **03/18/2019**. Incomplete Filings due by **03/18/2019**. (Soo-Hoo, Brian) (Entered: 03/04/2019) |

EXHIBIT 6

EXHIBIT 6

Printed on Nov 28 2023 12:44 pm

# 6:19-bk-18638 - Maximo Arturo Arriola

Docket Header Last Updated: 7/29/2022 7:18 am

**Repeat-cacb, RepeatPACER, DISMISSED**

## U.S. Bankruptcy Court
## Central District of California (Riverside)
## Bankruptcy Petition #: 6:19-bk-18638-SY

|  |  |
|---|---|
| *Assigned to:* Scott H. Yun | *Date filed:* 09/30/2019 |
| Chapter 13 | *Debtor dismissed:* 07/27/2022 |
| Voluntary | *Plan confirmed:* 01/14/2020 |
| Asset | *341 meeting:* 11/06/2019 |
| Claims Register | |

*Debtor disposition:*  Dismissed for failure to
make plan payments

| *Debtor* | represented by **Benjamin Heston** |
|---|---|
| **Maximo Arturo Arriola** | Heston & Heston |
| 4199 9th Street | 19700 Fairchild Road |
| Riverside, CA 92501 | Suite 280 |
| RIVERSIDE-CA | Irvine, CA 92612 |
| SSN / ITIN: xxx-xx-9557 | 951-290-2827 |
| *aka* **Maximo A Arriola** | Fax : 949-222-1043 |
| *aka* **Max Arriola** | Email: bheston.ecf@gmail.com |

*Trustee*
**Rod Danielson (TR)**
3787 University Avenue
Riverside, CA 92501

EXHIBIT 7

(951) 826-8000

*U.S. Trustee*
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

---

| | | |
|---|---|---|
| 09/14/2022 | 184 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (SM6) |
| 09/13/2022 | **183** | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) |
| 09/13/2022 | **182** | Chapter 13 Trustee's Final Report and Account Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) |
| 08/10/2022 | **181** | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod) |
| 07/29/2022 | **180** | BNC Certificate of Notice (RE: related document(s)[179] ORDER and Notice of Dismissal arising from Motion to dism Ch 13 (11 U.S.C. Section 1307) (BNC)) No. of Notices: 7. Notice Date 07/29/2022. (Admin.) |
| 07/27/2022 | **179** | ORDER and Notice of dismissal arising from Motion to dismiss chapter 13 (11 U.S.C. Section 1307) - **Debtor** Dismissed. (BNC) (RE: related document(s)6 Meeting of Creditors Chapter 13, 14 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Maximo Arturo Arriola, 95 Trustee's Motion to Dismiss Case (batch), 109 Motion for Relief from Stay - Real Property filed by Creditor Lakeview Loan Servicing, LLC, Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option), 172 Trustee's Motion to Dismiss Case (batch), 175 Trustee's Motion to Dismiss Case (batch)) (SM6) (Entered: 07/27/2022) |
| 07/26/2022 | **178** | Document, Hearing Held - GRANTED - (RE: related document(s)[172] Trustee's Motion to Dismiss Case (batch)) (SM6) |
| 07/05/2022 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) [172] TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **07/26/2022 at 01:30 PM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [172], (SM6) |
| 07/05/2022 | **177** | Document, Hearing Continued (RE: related document(s)[172] Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **7/26/2022 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) |
| 06/27/2022 | 176 | Hearing Set (RE: related document(s)[175] Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **8/16/2022 at 10:00 AM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) |
| 06/27/2022 | **175** | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod) |

**EXHIBIT 7**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/17/2022 | 174 | Hearing Set (RE: related document(s)172 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **7/5/2022 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) (Entered: 06/17/2022) |
| 06/16/2022 | 173 | Opposition to (related document(s): 172 Trustee's Motion to Dismiss Case ) *Notice of Hearing and Opposition to Trustee's Motion for Order Dismissing Chapter 13 Proceeding* Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 06/16/2022) |
| 06/02/2022 | 172 | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod) (Entered: 06/02/2022) |
| 05/20/2022 | 171 | BNC Certificate of Notice - PDF Document. (RE: related document(s)170 Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 05/20/2022. (Admin.) (Entered: 05/20/2022) |
| 05/18/2022 | 170 | Order Granting Application For Compensation/Supplemental Fees (BNC-PDF) (Related Doc # 166) for Benjamin R Heston, fees awarded: $1100.00, expenses awarded: $0.00 Signed on 5/18/2022. (SM6) (Entered: 05/18/2022) |
| 05/18/2022 | 169 | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)166 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 11/17/2021 to 2/24/2022, Fee: $1100.00, Expenses: $0.00.). (Heston, Benjamin) (Entered: 05/18/2022) |
| 05/04/2022 | 168 | Trustee's Comments on or Objection to *APPLICATION FOR ADDITIONAL FEES AND RELATED EXPENSES* Filed by Trustee Rod Danielson (TR) (RE: related document(s)166 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 11/17/2021 to 2/24/2022, Fee: $1100.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 05/04/2022) |
| 04/27/2022 | 167 | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)166 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 11/17/2021 to 2/24/2022, Fee: $1100.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston). (Heston, Benjamin) (Entered: 04/27/2022) |
| 04/27/2022 | 166 | Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 11/17/2021 to 2/24/2022, Fee: $1100.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston (Heston, Benjamin) (Entered: 04/27/2022) |
| 03/31/2022 | 165 | Chapter 13 Trustee Periodic Accounting Report . (Danielson (TR), Rod) (Entered: 03/31/2022) |
| 03/29/2022 | 164 | Document, Hearing Held - WITHDRAWN - (RE: related document(s)134 Trustee's Motion to Dismiss Case (batch)) (Mason, Shari) (Entered: 03/30/2022) |
| 03/24/2022 | 163 | BNC Certificate of Notice - PDF Document. (RE: related document(s)162 Order on Amended Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/24/2022. (Admin.) (Entered: 03/24/2022) |
| 03/22/2022 | 162 | Order Granting Debtor's Amended Motion To Modify Plan Or Suspend Plan Payments (BNC-PDF) (Related Doc # 159 ) Signed on 3/22/2022 (Mason, Shari) (Entered: 03/22/2022) |
| 03/17/2022 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) [134] TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **03/29/2022 at 01:30 PM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [134], (Mason, Shari) |

**EXHIBIT 7**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/15/2022 | **161** | Document, Hearing Continued (RE: related document(s)134 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **3/29/2022 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 03/17/2022) |
| 03/04/2022 | **160** | Trustee's Comments on or Objection to *MOTION TO MODIFY/SUSPEND PLAN PAYMENTS* Filed by Trustee Rod Danielson (TR) (RE: related document(s)159 Amended Motion (related document(s): 140 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments filed by Debtor Maximo Arturo Arriola) Filed by Debtor Maximo Arturo Arriola filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 03/04/2022) |
| 02/24/2022 | **159** | Amended Motion (related document(s): 140 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments filed by Debtor Maximo Arturo Arriola) Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 02/24/2022) |
| 02/24/2022 | **158** | Voluntary Dismissal of Motion Filed by Debtor Maximo Arturo Arriola (RE: related document(s)156 Motion to Amend (related document(s)140 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments ) ). (Heston, Benjamin) (Entered: 02/24/2022) |
| 02/24/2022 | 157 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT. FIRST, THIS MOTION NEEDS TO BE WITHDRAWN USING THE EVENT CODE BK > OTHER > VOLUNTARY DISMISSAL OF MOTION. THEN AS STATED IN THE PREVIOUS NOTICE TO FILER, RE-FILE USING THE CORRECT EVENT BK > MOTIONS/APPLICATIONS > X - AMENDED MOTION AND RELATE IT TO THE ORIGINAL MOTION THAT WAS FILED.** (RE: related document(s)156 Motion to Amend filed by Debtor Maximo Arturo Arriola) (Mason, Shari) (Entered: 02/24/2022) |
| 02/23/2022 | **156** | Motion to Amend (related document(s)140 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments ) Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) WARNING: See docket entry no. 157 for corrective action. Incorrect event code used. Modified on 2/24/2022 (Mason, Shari). (Entered: 02/23/2022) |
| 02/23/2022 | **155** | Voluntary Dismissal of Motion Filed by Debtor Maximo Arturo Arriola (RE: related document(s)152 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments *Amended*). (Heston, Benjamin) (Entered: 02/23/2022) |
| 02/22/2022 | **154** | Trustee's Comments on or Objection to *MOTION TO MODIFY/SUSPEND PLAN PAYMENTS* Filed by Trustee Rod Danielson (TR) (RE: related document(s)152 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments *Amended* Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) WARNING: See docket entry no. 153 for corrective action. Incorrect event code used for an amended motion. Modified on 2/22/2022. filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 02/22/2022) |
| 02/22/2022 | 153 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT. FIRST, THIS MOTION NEEDS TO BE WITHDRAWN USING THE EVENT CODE BK > OTHER > VOLUNTARY DISMISSAL OF MOTION. THEN RE-FILE USING THE CORRECT EVENT BK > MOTIONS/APPLICATIONS > X - AMENDED MOTION AND RELATE IT TO THE ORIGINAL MOTION THAT WAS FILED.** (RE: related document(s)152 Modify Plan or Suspend Plan Payments (Ch 13) filed by Debtor Maximo Arturo Arriola) (Mason, Shari) (Entered: 02/22/2022) |
| 02/21/2022 | **152** | Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments *Amended* Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) WARNING: See docket entry no. 153 for corrective action. Incorrect event code used for an amended motion. Modified on 2/22/2022 (Mason, Shari). (Entered: 02/21/2022) |

**EXHIBIT 7**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/16/2022 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) [134] TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **03/15/2022 at 01:30 PM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [134], (Mason, Shari) |
| 02/15/2022 | 151 | Document, Hearing Continued (RE: related document(s)134 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **3/15/2022 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 02/16/2022) |
| 02/14/2022 | 150 | Declaration re: *of Debtor in Support of Motion to Modify Chapter 13 Plan* Filed by Debtor Maximo Arturo Arriola (RE: related document(s)140 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments ). (Heston, Benjamin) (Entered: 02/14/2022) |
| 02/14/2022 | 149 | Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule J: Your Expenses (Official Form 106J) Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 02/14/2022) |
| 01/12/2022 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) [134] TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **02/15/2022 at 01:30 PM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [134], (Mason, Shari) |
| 01/12/2022 | 148 | Document, Hearing Rescheduled/Continued (RE: related document(s)134 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **2/15/2022 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 01/12/2022) |
| 12/29/2021 | 147 | BNC Certificate of Notice - PDF Document. (RE: related document(s)146 Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 12/29/2021. (Admin.) (Entered: 12/29/2021) |
| 12/27/2021 | 146 | Order Granting Application For Compensation (BNC-PDF) (Related Doc # 138) for Benjamin R Heston, fees awarded: $350.00, expenses awarded: $0.00 Signed on 12/27/2021. (Potier, Cynthia) (Entered: 12/27/2021) |
| 12/22/2021 | 145 | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)138 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 6/16/2021 to 6/16/2021, Fee: $350.00, Expenses: $0.00.). (Heston, Benjamin) (Entered: 12/22/2021) |
| 12/14/2021 | 144 | Trustee's Comments on or Objection to *MOTION TO MODIFY/SUSPEND PLAN PAYMENTS* Filed by Trustee Rod Danielson (TR) (RE: related document(s)140 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Maximo Arturo Arriola filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 12/14/2021) |
| 12/07/2021 | 143 | Document/Hearing Continued (RE: related document(s)134 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **1/11/2022 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 12/08/2021) |
| 12/07/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) [134] TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **01/11/2022 at 01:30 PM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [134], (Potier, Cynthia) |

EXHIBIT 7

| Date Filed | # | Docket Text |
|---|---|---|
| 12/06/2021 | 142 | Trustee's Comments on or Objection to *APPLICATION FOR ADDITIONAL FEES AND RELATED EXPENSES* Filed by Trustee Rod Danielson (TR) (RE: related document(s)138 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 6/16/2021 to 6/16/2021, Fee: $350.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 12/06/2021) |
| 12/05/2021 | 141 | Notice of motion/application Filed by Debtor Maximo Arturo Arriola (RE: related document(s)140 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Maximo Arturo Arriola). (Heston, Benjamin) (Entered: 12/05/2021) |
| 12/05/2021 | 140 | Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 12/05/2021) |
| 11/24/2021 | 139 | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)138 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 6/16/2021 to 6/16/2021, Fee: $350.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston). (Heston, Benjamin) (Entered: 11/24/2021) |
| 11/24/2021 | 138 | Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 6/16/2021 to 6/16/2021, Fee: $350.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston (Heston, Benjamin) (Entered: 11/24/2021) |
| 11/23/2021 | 137 | Notice of increased claim . (Danielson (TR), Rod) (Entered: 11/23/2021) |
| 11/18/2021 | 136 | Hearing Set (RE: related document(s)134 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **12/7/2021 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 11/18/2021) |
| 11/17/2021 | 135 | Opposition to (related document(s): 134 Trustee's Motion to Dismiss Case ) *Notice of Hearing and Opposition to Motion to Dismiss Chapter 7 Proceeding* Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 11/17/2021) |
| 11/03/2021 | 134 | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod) (Entered: 11/03/2021) |
| 11/02/2021 | 133 | Voluntary Dismissal of Motion *NOTICE OF VOLUNTARY DISMISSAL OF TRUSTEE'S MOTION FOR ORDER DISMISSING CHAPTER 13 CASE (TAXES)* Filed by Trustee Rod Danielson (TR) (RE: related document(s)125 Trustee's Motion to Dismiss Case , 126 Trustee's Motion to Dismiss Case ). (Danielson (TR), Rod) (Entered: 11/02/2021) |
| 10/01/2021 | 132 | Chapter 13 Trustee Periodic Accounting Report . (Danielson (TR), Rod) (Entered: 10/01/2021) |
| 09/07/2021 | 131 | Document/Hearing Continued (RE: related document(s)125 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **11/9/2021 at 10:00 AM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 09/08/2021) |
| 08/04/2021 | 130 | BNC Certificate of Notice - PDF Document. (RE: related document(s)129 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/04/2021. (Admin.) (Entered: 08/04/2021) |
| 08/02/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) [125] TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **09/07/2021 at 10:00 AM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [125], (Potier, Cynthia) |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/02/2021 | 129 | ORDER to continue/reschedule hearing re: Trustee's Motion to dismiss case (Tax returns/refunds) (BNC-PDF) (Related Doc # doc ) - To all Interested Parties: The hearing is hereby rescheduled from **August 17, 2021 at 10:00 am** to **September 7, 2021 at 10:00 am**, in courtroom 302. Signed on 8/2/2021 (Potier, Cynthia) (Entered: 08/02/2021) |
| 07/06/2021 | 128 | Document/Hearing Held - WITHDRAWN - (RE: related document(s)117 Trustee's Motion to Dismiss Case (batch)) (Potier, Cynthia) (Entered: 07/07/2021) |
| 06/24/2021 | 127 | Hearing Set (RE: related document(s)125 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **8/17/2021 at 10:00 AM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 06/24/2021) |
| 06/23/2021 | 126 | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod) WARNING: Duplicate of docket entry #125. Modified on 6/24/2021 (Potier, Cynthia). (Entered: 06/23/2021) |
| 06/23/2021 | 125 | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod) (Entered: 06/23/2021) |
| 06/17/2021 | 124 | Hearing Set (RE: related document(s)117 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **7/6/2021 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 06/17/2021) |
| 06/16/2021 | 123 | BNC Certificate of Notice - PDF Document. (RE: related document(s)121 Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 06/16/2021. (Admin.) (Entered: 06/16/2021) |
| 06/16/2021 | 122 | Opposition to (related document(s): 117 Trustee's Motion to Dismiss Case ) *Notice of Hearing and Opposition to Trustee's Motion for Order Dismissing Chapter 13 Proceeding* Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 06/16/2021) |
| 06/14/2021 | 121 | Order Granting Application For Compensation (BNC-PDF) (Related Doc # 111) for Benjamin R Heston, fees awarded: $350.00, expenses awarded: $0.00 Signed on 6/14/2021. (Potier, Cynthia) (Entered: 06/14/2021) |
| 06/11/2021 | 120 | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)111 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 12/14/2020 to 4/23/2021, Fee: $350.00, Expenses: $0.00.). (Heston, Benjamin) (Entered: 06/11/2021) |
| 06/05/2021 | 119 | BNC Certificate of Notice - PDF Document. (RE: related document(s)118 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 06/05/2021. (Admin.) (Entered: 06/05/2021) |
| 06/03/2021 | 118 | Order Granting (By Stipulation) Motion for relief from the automatic stay REAL PROPERTY with movant Lakeview Loan Servicing, LLC re: 4199 9th Street, Riverside, CA 92501 (BNC-PDF) (Related Doc # 109 and Doc # 115 ) Signed on 6/3/2021 (Mason, Shari) (Entered: 06/03/2021) |
| 06/02/2021 | 117 | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod) (Entered: 06/02/2021) |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/27/2021 | 116 | Notice of lodgment of *Order in Bankruptcy Case Re: Motion for Relief from The Automatic Stay under 11 U.S.C. § 362* Filed by Creditor Lakeview Loan Servicing, LLC (RE: related document(s)109 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 4199 9TH STREET, RIVERSIDE, CA 92501 . Fee Amount $188, Filed by Creditor Lakeview Loan Servicing, LLC, 115 Stipulation By Lakeview Loan Servicing, LLC and *Maximo Arturo Arriola; Stipulation for Adequate Protection Re Motion for Relief from The Automatic Stay Pursuant to 11 U.S.C. § 362* Filed by Creditor Lakeview Loan Servicing, LLC). (McCartney, Erin) (Entered: 05/27/2021) |
| 05/27/2021 | 115 | Stipulation By Lakeview Loan Servicing, LLC and *Maximo Arturo Arriola; Stipulation for Adequate Protection Re Motion for Relief from The Automatic Stay Pursuant to 11 U.S.C. § 362* Filed by Creditor Lakeview Loan Servicing, LLC (McCartney, Erin) (Entered: 05/27/2021) |
| 05/26/2021 | 114 | Opposition to (related document(s): 109 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 4199 9TH STREET, RIVERSIDE, CA 92501 . Fee Amount $188, filed by Creditor Lakeview Loan Servicing, LLC) Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 05/26/2021) |
| 05/18/2021 | 113 | Trustee's Comments on or Objection to *APPLICATION FOR ADDITIONAL FEES AND RELATED EXPENSES* Filed by Trustee Rod Danielson (TR) (RE: related document(s)111 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 12/14/2020 to 4/23/2021, Fee: $350.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 05/18/2021) |
| 05/14/2021 | 112 | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)111 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 12/14/2020 to 4/23/2021, Fee: $350.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston). (Heston, Benjamin) (Entered: 05/14/2021) |
| 05/14/2021 | 111 | Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 12/14/2020 to 4/23/2021, Fee: $350.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston (Heston, Benjamin) (Entered: 05/14/2021) |
| 05/13/2021 | 110 | Hearing Set (RE: related document(s)109 Motion for Relief from Stay - Real Property filed by Creditor Lakeview Loan Servicing, LLC) The Hearing date is set for **6/9/2021 at 09:30 AM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 05/13/2021) |
| 05/13/2021 | | Receipt of Motion for Relief from Stay - Real Property( 6:19-bk-18638-SY) [motion,nmrp] ( 188.00) Filing Fee. Receipt number A52926223. Fee amount 188.00. (re: Doc# 109) (U.S. Treasury) (Entered: 05/13/2021) |
| 05/13/2021 | 109 | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 4199 9TH STREET, RIVERSIDE, CA 92501 . Fee Amount $188, Filed by Creditor Lakeview Loan Servicing, LLC (McCartney, Erin) (Entered: 05/13/2021) |
| 03/31/2021 | 108 | Chapter 13 Trustee Periodic Accounting Report . (Danielson (TR), Rod (SY)) (Entered: 03/31/2021) |
| 03/05/2021 | 107 | BNC Certificate of Notice - PDF Document. (RE: related document(s)106 Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 03/05/2021. (Admin.) (Entered: 03/05/2021) |
| 03/03/2021 | 106 | Order Granting Application For Compensation (BNC-PDF) (Related Doc # 92) for Benjamin R Heston, fees awarded: $700.00, expenses awarded: $26.25 Signed on 3/3/2021. (Potier, Cynthia) (Entered: 03/03/2021) |

<div align="center">

**EXHIBIT 7**

</div>

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2021 | 105 | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)92 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 7/28/2020 to 11/18/2020, Fee: $700.00, Expenses: $26.25.). (Heston, Benjamin) (Entered: 03/02/2021) |
| 03/02/2021 | 104 | Supplemental *Document in Support of Application of Attorney for Debtor for Allowance and Expenses Following Dismissal or Conversion of Chapter 13 Case Subject to Rights and Responsibilities Agreement. Related to DOC 92.* Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 03/02/2021) |
| 02/22/2021 | 103 | Voluntary Dismissal of Motion Filed by Trustee Rod Danielson (TR) (RE: related document(s)95 Trustee's Motion to Dismiss Case ). (Danielson (TR), Rod) (Entered: 02/22/2021) |
| 01/13/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 95 TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on 02/23/2021 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 95 , (Potier, Cynthia) (Entered: 01/13/2021) |
| 01/13/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) [95] TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on 02/23/2021 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [95], (Potier, Cynthia) |
| 01/12/2021 | 102 | Document/Hearing Continued (RE: related document(s)95 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for 2/23/2021 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 01/13/2021) |
| 12/15/2020 | 101 | Hearing Set (RE: related document(s)95 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for 1/12/2021 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 12/15/2020) |
| 12/15/2020 | 100 | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)92 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 7/28/2020 to 11/18/2020, Fee: $700.00, Expenses: $26.25.). (Heston, Benjamin) (Entered: 12/15/2020) |
| 12/15/2020 | 99 | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)92 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 7/28/2020 to 11/18/2020, Fee: $700.00, Expenses: $26.25.). (Heston, Benjamin) (Entered: 12/15/2020) |
| 12/14/2020 | 98 | Opposition to (related document(s): 95 Trustee's Motion to Dismiss Case ) *Amended Notice of Hearing and Opposition to Verified Motion for Order Dismissing Chapter 13 Proceeding* Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 12/14/2020) |
| 12/14/2020 | 97 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing time was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION. PLEASE REFER TO JUDGE YUN'S SELF-CALENDAR REGARING AVALIABLE HEARING DATES AND TIME FOR MISC. CHAPTER 13 MATTERS. NO ACTION TAKEN UNTIL CORRECTION IS MADE.** (RE: related document(s)96 Opposition filed by Debtor Maximo Arturo Arriola) (Potier, Cynthia) (Entered: 12/14/2020) |
| 12/14/2020 | 96 | Opposition to (related document(s): 95 Trustee's Motion to Dismiss Case ) Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) WARNING" See docket entry no. 97 for corrective actions. Modified on 12/14/2020 (Potier, Cynthia). (Entered: 12/14/2020) |

EXHIBIT 7

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2020 | 95 | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod (SY)) (Entered: 12/01/2020) |
| 11/25/2020 | 94 | Trustee's Comments on or Objection to *APPLICATION FOR ADDITIONAL FEES AND RELATED EXPENSES IN A PENDING CHAPTER 13 CASE* Filed by Trustee Rod Danielson (TR) (RE: related document(s)92 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 7/28/2020 to 11/18/2020, Fee: $700.00, Expenses: $26.25. Filed by Attorney Benjamin R Heston filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 11/25/2020) |
| 11/20/2020 | 93 | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)92 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 7/28/2020 to 11/18/2020, Fee: $700.00, Expenses: $26.25. Filed by Attorney Benjamin R Heston). (Heston, Benjamin) (Entered: 11/20/2020) |
| 11/20/2020 | 92 | Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 7/28/2020 to 11/18/2020, Fee: $700.00, Expenses: $26.25. Filed by Attorney Benjamin R Heston (Heston, Benjamin) (Entered: 11/20/2020) |
| 10/20/2020 | 91 | Document, Hearing Held - WITHDRAWN - (RE: related document(s)86 Trustee's Motion to Dismiss Case (batch)) (Mason, Shari) (Entered: 10/22/2020) |
| 09/30/2020 | 90 | Chapter 13 Trustee Periodic Accounting Report . (Danielson (TR), Rod (SY)) (Entered: 09/30/2020) |
| 09/30/2020 | | Hearing (Bk Motion) Continued (RE: related document(s) 86 TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **10/20/2020 at 01:30 PM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 86 , (Potier, Cynthia) (Entered: 09/30/2020) |
| 09/30/2020 | | Hearing (Bk Motion) Continued (RE: related document(s) [86] TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **10/20/2020 at 01:30 PM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [86], (Potier, Cynthia) (Entered: 09/30/2020) |
| 09/30/2020 | | Hearing (Bk Motion) Continued (RE: related document(s) 86 TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **10/20/2020 at 01:30 PM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 86 , (Potier, Cynthia) (Entered: 09/30/2020) |
| 09/29/2020 | 89 | Document/Hearing Continued (RE: related document(s)86 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **10/20/2020 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 09/30/2020) |
| 09/18/2020 | 88 | Hearing Set (RE: related document(s)86 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **9/29/2020 at 02:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 09/18/2020) |
| 09/17/2020 | 87 | Opposition to (related document(s): 86 Trustee's Motion to Dismiss Case ) Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 09/17/2020) |
| 09/02/2020 | 86 | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod (SY)) (Entered: 09/02/2020) |
| 08/11/2020 | 85 | Document/Hearing Held - WITHDRAWN - (RE: related document(s)75 Trustee's Motion to Dismiss Case (batch)) (Potier, Cynthia) (Entered: 08/12/2020) |

EXHIBIT 7

| Date Filed | # | Docket Text |
|---|---|---|
| 08/11/2020 | 84 | Voluntary Dismissal of Motion -*TAXES*- Filed by Trustee Rod Danielson (TR) (RE: related document(s)75 Trustee's Motion to Dismiss Case ). (Danielson (TR), Rod) (Entered: 08/11/2020) |
| 08/10/2020 | 83 | Declaration re: *of Debtor in Support of Opposition to Motion for Order Dismissing Chapter 13 case (Tax Returns/Refunds)* Filed by Debtor Maximo Arturo Arriola (RE: related document(s)82 Opposition). (Heston, Benjamin) (Entered: 08/10/2020) |
| 07/28/2020 | 82 | Opposition to (related document(s): 75 Trustee's Motion to Dismiss Case ) Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 07/28/2020) |
| 07/24/2020 | 81 | BNC Certificate of Notice - PDF Document. (RE: related document(s)79 Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 07/24/2020. (Admin.) (Entered: 07/24/2020) |
| 07/22/2020 | 80 | Chapter 13 Trustee Periodic Accounting Report . (Danielson (TR), Rod (SY)) (Entered: 07/22/2020) |
| 07/22/2020 | 79 | Order Granting Application For Compensation/Supplemental Fees (BNC-PDF) (Related Doc # 71) for Benjamin R Heston, fees awarded: $1100.00, expenses awarded: $0.00 Signed on 7/22/2020. (Mason, Shari) (Entered: 07/22/2020) |
| 07/21/2020 | 78 | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)71 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 3/19/2020 to 4/6/2020, Fee: $1,100.00, Expenses: $0.00.). (Attachments: # 1 Exhibit Filed Application of Attorney for Debtor for Additonal Fees and Related Expenses) (Heston, Benjamin) (Entered: 07/21/2020) |
| 07/20/2020 | 77 | Supplemental *Document in Support of Application of Attorney for Debtor for Additional Fees and Related Expenses in a Pending Chapter 13 Case Subject to a Rights and Responsibilities Agreement. Related to Docket No. 71* Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 07/20/2020) |
| 07/15/2020 | 76 | Hearing Set (RE: related document(s)75 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **8/11/2020 at 10:00 AM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 07/15/2020) |
| 07/14/2020 | 75 | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod (SY)) (Entered: 07/14/2020) |
| 07/06/2020 | 74 | Trustee's Comments on or Objection to Filed by Trustee Rod Danielson (TR) (RE: related document(s)71 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 3/19/2020 to 4/6/2020, Fee: $1,100.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 07/06/2020) |
| 06/29/2020 | 73 | Proof of service Filed by Debtor Maximo Arturo Arriola (RE: related document(s)72 Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o))). (Heston, Benjamin) (Entered: 06/29/2020) |
| 06/29/2020 | 72 | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)71 Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 3/19/2020 to 4/6/2020, Fee: $1,100.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston). (Attachments: # 1 Exhibit Filed Application of Attorney for Debtor for Additonal Fees and Related Expenses) (Heston, Benjamin) (Entered: 06/29/2020) |
| 06/29/2020 | 71 | Application for Compensation for Benjamin R Heston, Debtor's Attorney, Period: 3/19/2020 to 4/6/2020, Fee: $1,100.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston (Heston, Benjamin) (Entered: 06/29/2020) |

EXHIBIT 7

| Date Filed | # | Docket Text |
|---|---|---|
| 06/11/2020 | 70 | Notice of Debtor's Request for Mortgage Forbearance Due to the Covid-19 Pandemic for 90 days. Certificate of Service Filed. Filed by Creditor Lakeview Loan Servicing, LLC. (McCartney, Erin) (Entered: 06/11/2020) |
| 05/23/2020 | 69 | BNC Certificate of Notice - PDF Document. (RE: related document(s)68 Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 05/23/2020. (Admin.) (Entered: 05/23/2020) |
| 05/21/2020 | 68 | Order Granting Application For Compensation (BNC-PDF) (Related Doc # 48) for Benjamin R Heston, fees awarded: $750.00, expenses awarded: $0.00 Signed on 5/21/2020. (Potier, Cynthia) (Entered: 05/21/2020) |
| 05/19/2020 | 67 | Document/Hearing Held - WITHDRAWN - (RE: related document(s)47 Trustee's Motion to Dismiss Case (batch)) (Potier, Cynthia) (Entered: 05/20/2020) |
| 05/09/2020 | 66 | BNC Certificate of Notice - PDF Document. (RE: related document(s)65 Order on Motion to Modify Plan or Suspend Plan Payments (Ch 13) (BNC-PDF)) No. of Notices: 1. Notice Date 05/09/2020. (Admin.) (Entered: 05/09/2020) |
| 05/07/2020 | 65 | Order Granting Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments (BNC-PDF) (Related Doc # 55) Signed on 5/7/2020. (Potier, Cynthia) (Entered: 05/07/2020) |
| 05/06/2020 | 63 | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)55 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments ). (Attachments: # 1 Exhibit Filed Application of Attorney for Debtor for Additonal Fees and Related Expenses) (Heston, Benjamin) (Entered: 05/06/2020) |
| 05/06/2020 | | Hearing (Bk Motion) Continued (RE: related document(s) 47 TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on 05/19/2020 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 47 , (Potier, Cynthia) (Entered: 05/06/2020) |
| 05/06/2020 | 62 | Trustee's Comments on or Objection to MOTION TO MODIFY/SUSPEND PLAN PAYMENTS(AMENDED) Filed by Trustee Rod Danielson (TR) (RE: related document(s)55 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Maximo Arturo Arriola filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 05/06/2020) |
| 05/06/2020 | 61 | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)48 Application for Compensation for Benjamin R Heston, Creditor's Attorney, Period: 10/18/2019 to 3/4/2020, Fee: $750.00, Expenses: $0.00.). (Attachments: # 1 Exhibit Filed Application of Attorney for Debtor for Additonal Fees and Related Expenses) (Heston, Benjamin) (Entered: 05/06/2020) |
| 05/05/2020 | 64 | Document/Hearing Continued (RE: related document(s)47 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for 5/19/2020 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 05/06/2020) |
| 05/05/2020 | 60 | Supplemental Document in Support of Application of Attorney For Debtor for Additional Fees and Related Expenses in a Pending Chapter 13 Case Subject to a Rights and Responsibilities Agreement Related to Docket No. 48 Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 05/05/2020) |
| 05/01/2020 | 59 | Declaration re: Declaration of Debtor in Support of Motion to Modify Filed by Debtor Maximo Arturo Arriola (RE: related document(s)55 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments ). (Heston, Benjamin) (Entered: 05/01/2020) |

## EXHIBIT 7

| Date Filed | # | Docket Text |
|---|---|---|
| 04/09/2020 | 58 | Trustee's Comments on or Objection to *MOTION TO MODIFY/SUSPEND PLAN PAYMENTS* Filed by Trustee Rod Danielson (TR) (RE: related document(s)55 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Maximo Arturo Arriola filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 04/09/2020) |
| 04/08/2020 | | Hearing (Bk Motion) Continued (RE: related document(s) 47 TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **05/05/2020 at 01:30 PM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 47 , (Potier, Cynthia) (Entered: 04/08/2020) |
| 04/08/2020 | | Hearing (Bk Motion) Continued (RE: related document(s) [47] TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **05/05/2020 at 01:30 PM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [47], (Potier, Cynthia) (Entered: 04/08/2020) |
| 04/07/2020 | 57 | Document/ Hearing Continued (RE: related document(s)47 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **5/5/2020 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 04/08/2020) |
| 04/06/2020 | 56 | Notice of motion/application Filed by Debtor Maximo Arturo Arriola (RE: related document(s)55 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Maximo Arturo Arriola). (Heston, Benjamin) (Entered: 04/06/2020) |
| 04/06/2020 | 55 | Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 04/06/2020) |
| 04/01/2020 | 54 | Chapter 13 Trustee Periodic Accounting Report . (Danielson (TR), Rod (SY)) (Entered: 04/01/2020) |
| 03/23/2020 | 53 | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)48 Application for Compensation for Benjamin R Heston, Creditor's Attorney, Period: 10/18/2019 to 3/4/2020, Fee: $750.00, Expenses: $0.00.). (Attachments: # 1 Exhibit Filed Application of Attorney for Debtor for Additonal Fees and Related Expenses) (Heston, Benjamin) (Entered: 03/23/2020) |
| 03/19/2020 | 52 | Hearing Set (RE: related document(s)47 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **4/7/2020 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 03/19/2020) |
| 03/19/2020 | 51 | Opposition to (related document(s): 47 Trustee's Motion to Dismiss Case ) *with notice of hearing* Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 03/19/2020) |
| 03/13/2020 | 50 | Trustee's Comments on or Objection to *APPLICATION FOR ADDITIONAL FEES AND RELATED EXPENSES* Filed by Trustee Rod Danielson (TR) (RE: related document(s)48 Application for Compensation for Benjamin R Heston, Creditor's Attorney, Period: 10/18/2019 to 3/4/2020, Fee: $750.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 03/13/2020) |
| 03/04/2020 | 49 | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)48 Application for Compensation for Benjamin R Heston, Creditor's Attorney, Period: 10/18/2019 to 3/4/2020, Fee: $750.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston). (Heston, Benjamin) (Entered: 03/04/2020) |

## EXHIBIT 7

| Date Filed | # | Docket Text |
|---|---|---|
| 03/04/2020 | 48 | Application for Compensation for Benjamin R Heston, Creditor's Attorney, Period: 10/18/2019 to 3/4/2020, Fee: $750.00, Expenses: $0.00. Filed by Attorney Benjamin R Heston (Heston, Benjamin) (Entered: 03/04/2020) |
| 03/04/2020 | 47 | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod (SY)) (Entered: 03/04/2020) |
| 01/21/2020 | 46 | Notice of intent to pay claims . (Danielson (TR), Rod (SY)) (Entered: 01/21/2020) |
| 01/16/2020 | 45 | BNC Certificate of Notice - PDF Document. (RE: related document(s)44 Order Confirming Chapter 13 Plan (BNC-PDF)) No. of Notices: 1. Notice Date 01/16/2020. (Admin.) (Entered: 01/16/2020) |
| 01/14/2020 | 44 | Order Granting Confirming Chapter 13 Plan (BNC-PDF) Signed on 1/14/2020 (RE: related document(s) Meeting (AutoAssign Chapter 13), 6 Meeting of Creditors Chapter 13, 35 Amended Chapter 13 Plan filed by Debtor Maximo Arturo Arriola). (Mason, Shari) (Entered: 01/14/2020) |
| 01/08/2020 | 43 | BNC Certificate of Notice - PDF Document. (RE: related document(s)42 Notice of Lodgment of Order Confirming Chapter 13 Plan (Auto)) No. of Notices: 1. Notice Date 01/08/2020. (Admin.) (Entered: 01/08/2020) |
| 01/06/2020 | 42 | Notice of lodgment of proposed order confirming chapter 13 plan (Danielson (TR), Rod) (Entered: 01/06/2020) |
| 12/26/2019 | 41 | BNC Certificate of Notice (RE: related document(s)40 Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 12/26/2019. (Admin.) (Entered: 12/26/2019) |
| 12/23/2019 | 40 | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AutoDocket, User) (Entered: 12/23/2019) |
| 12/17/2019 | 39 | Document, Hearing Held - PLAN CONFIRMED - (RE: related document(s)19 Chapter 13 Plan (LBR F3015-1) filed by Debtor Maximo Arturo Arriola, 35 Amended Chapter 13 Plan filed by Debtor Maximo Arturo Arriola) (Mason, Shari) (Entered: 12/18/2019) |
| 12/17/2019 | 38 | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 12/17/2019) |
| 12/16/2019 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(6:19-bk-18638-SY) [misc,amdsch] ( 31.00) Filing Fee. Receipt number 50284238. Fee amount 31.00. (re: Doc# 37) (U.S. Treasury) (Entered: 12/16/2019) |
| 12/16/2019 | 37 | Amending Schedules (D) (E/F) incur dates Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 12/16/2019) |
| 12/13/2019 | 36 | Declaration re: of Contribution to Chapter 13 Plan Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 12/13/2019) |
| 12/11/2019 | 35 | Amended Chapter 13 Plan 1st Amended Filed by Debtor Maximo Arturo Arriola (RE: related document(s)19 Chapter 13 Plan (LBR F3015-1). Filed by Debtor Maximo Arturo Arriola.). (Heston, Benjamin) (Entered: 12/11/2019) |

EXHIBIT 7

| Date Filed | # | Docket Text |
|---|---|---|
| 12/11/2019 | 34 | Amended Schedule I Individual: Your Income (Official Form 106I) Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 12/11/2019) |
| 12/11/2019 | 33 | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 12/11/2019) |
| 11/26/2019 | 32 | Hearing Set (RE: related document(s)19 Chapter 13 Plan (LBR F3015-1) filed by Debtor Maximo Arturo Arriola) Confirmation hearing to be held on **12/17/2019 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 11/26/2019) |
| 11/07/2019 | 31 | BNC Certificate of Notice - PDF Document. (RE: related document(s)29 Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF)) No. of Notices: 1. Notice Date 11/07/2019. (Admin.) (Entered: 11/07/2019) |
| 11/06/2019 | 30 | Objection to Confirmation of Chapter 13 Plan . (Danielson (TR), Rod (SY)) (Entered: 11/06/2019) |
| 11/05/2019 | 29 | Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF) (Related Doc # 14 ). Signed on 11/5/2019 (Potier, Cynthia) (Entered: 11/05/2019) |
| 11/01/2019 | 28 | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 11/01/2019) |
| 10/30/2019 | 27 | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 10/30/2019) |
| 10/28/2019 | 26 | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 10/28/2019) |
| 10/24/2019 | 24 | Notice of lodgment Filed by Debtor Maximo Arturo Arriola (RE: related document(s)14 Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 4199 Ninth Street, Riverside, CA 92501 . Fee Amount $181, Filed by Debtor Maximo Arturo Arriola). (Heston, Benjamin) (Entered: 10/24/2019) |
| 10/23/2019 | 25 | Document/Hearing Held - GRANTED - (RE: related document(s)14 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Maximo Arturo Arriola) (Potier, Cynthia) (Entered: 10/24/2019) |
| 10/22/2019 | 23 | Opposition to (related document(s): 14 Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 4199 Ninth Street, Riverside, CA 92501 . Fee Amount $181, filed by Debtor Maximo Arturo Arriola) Filed by Creditor Lakeview Loan Servicing, LLC (Krause, Mark) (Entered: 10/22/2019) |
| 10/15/2019 | 22 | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years, Disposable Income Is Not Determined (Official Form 122C-1) Filed by Debtor Maximo Arturo Arriola (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco)). (Heston, Benjamin) (Entered: 10/15/2019) |
| 10/14/2019 | 21 | Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule J: Your Expenses (Official Form 106J) Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 10/14/2019) |

<div style="text-align:center">

## EXHIBIT 7

</div>

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2019 | 20 | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 10/14/2019) |
| 10/14/2019 | 19 | Chapter 13 Plan (LBR F3015-1). Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 10/14/2019) |
| 10/14/2019 | 18 | Chapter 13 Plan (LBR F3015-1). Filed by Debtor Maximo Arturo Arriola (RE: related document(s) Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Maximo Arturo Arriola) Chapter 13 Plan (LBR F3015-1) due by **10/15/2019**. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: **10/15/2019**. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: **10/15/2019**. Incomplete Filings due by **10/15/2019**.). (Heston, Benjamin) (Entered: 10/14/2019) |
| 10/14/2019 | 17 | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Maximo Arturo Arriola (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn). (Heston, Benjamin) (Entered: 10/14/2019) |
| 10/09/2019 | 16 | Hearing Set (RE: related document(s)14 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Maximo Arturo Arriola) The Hearing date is set for **10/23/2019 at 09:30 AM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Potier, Cynthia) (Entered: 10/09/2019) |
| 10/09/2019 | 15 | Chapter 13 Trustee's Notice of Requirements Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod (SY)) (Entered: 10/09/2019) |
| 10/08/2019 | | Receipt of Motion for Relief - Imposing a Stay or Continuing the Automatic Stay(6:19-bk-18638-SY) [motion,nmis] ( 181.00 Filing Fee. Receipt number 49889783. Fee amount 181.00. (re: Doc# 14) (U.S. Treasury) (Entered: 10/08/2019) |
| 10/08/2019 | 14 | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 4199 Ninth Street, Riverside, CA 92501 . Fee Amount $181, Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 10/08/2019) |
| 10/03/2019 | 13 | BNC Certificate of Notice (RE: related document(s)5 ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (Ch 7/13) (BNC)) No. of Notices: 1. Notice Date 10/03/2019. (Admin.) (Entered: 10/03/2019) |
| 10/03/2019 | 12 | BNC Certificate of Notice (RE: related document(s)4 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 10/03/2019. (Admin.) (Entered: 10/03/2019) |
| 10/03/2019 | 11 | BNC Certificate of Notice (RE: related document(s)6 Meeting of Creditors Chapter 13) No. of Notices: 7. Notice Date 10/03/2019. (Admin.) (Entered: 10/03/2019) |
| 10/03/2019 | 10 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Krause, Mark. (Krause, Mark) (Entered: 10/03/2019) |
| 10/01/2019 | 9 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 10/01/2019) |
| 10/01/2019 | 8 | Notice to Filer of Error and/or Deficient Document **Petition was filed as complete, but schedules or statements are deficient. THE FILER IS INSTRUCTED TO FILE THE DEFICIENT DOCUMENTS.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Maximo Arturo Arriola) (Lozano, Tanisha) (Entered: 10/01/2019) |
| 10/01/2019 | 7 | Notice to Filer of Correction Made/No Action Required: **Judge/Trustee was reassigned due to prior case 6:19-bk-15323-SY. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)1 Voluntary Petition |

EXHIBIT 7

| Date Filed | # | Docket Text |
|---|---|---|

---

|  |  | (Chapter 13) filed by Debtor Maximo Arturo Arriola) (Lozano, Tanisha) (Entered: 10/01/2019) |
| 10/01/2019 | 6 | Meeting of Creditors 341(a) meeting to be held on **11/6/2019 at 08:00 AM** at RM 101, 3801 University Ave., Riverside, CA 92501.Objection 523 Complaint Due: **1/5/2020**. Proofs of Claims due by **12/9/2019**. Government Proof of Claim due by **3/28/2020**. Confirmation hearing to be held on **12/17/2019 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Lozano, Tanisha) (Entered: 10/01/2019) |
| 10/01/2019 |  | Judge Scott H. Yun added to case due to prior related case 6:19-bk-15323-SY. Involvement of Judge Wayne E. Johnson Terminated (Lozano, Tanisha) (Entered: 10/01/2019) |
| 10/01/2019 | 5 | ORDER to comply with bankruptcy rule 1007/3015(b) and notice of intent to dismiss case (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Maximo Arturo Arriola) (Lozano, Tanisha) (Entered: 10/01/2019) |
| 10/01/2019 | 4 | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Maximo Arturo Arriola) (Lozano, Tanisha) (Entered: 10/01/2019) |
| 10/01/2019 |  | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Maximo Arturo Arriola) Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by **10/15/2019**. (Lozano, Tanisha) (Entered: 10/01/2019) |
| 10/01/2019 |  | Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Maximo Arturo Arriola) Chapter 13 Plan (LBR F3015-1) due by **10/15/2019**. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: **10/15/2019**. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: **10/15/2019**. Incomplete Filings due by **10/15/2019**. (Lozano, Tanisha) (Entered: 10/01/2019) |
| 10/01/2019 |  | Notice of Debtor's Prior Filings for debtor Maximo Arturo Arriola Case Number 19-11731, Chapter 13 filed in California Central Bankruptcy on 03/04/2019 , Dismissed for Other Reason on 05/23/2019; Case Number 19-15323, Chapter 13 filed in California Central Bankruptcy on 06/18/2019 , Dismissed for Other Reason on 09/11/2019.(Admin) (Entered: 10/01/2019) |
| 09/30/2019 |  | Receipt of Voluntary Petition (Chapter 13)(6:19-bk-18638) [misc,volp13] ( 310.00) Filing Fee. Receipt number 49837932. Fee amount 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 09/30/2019) |
| 09/30/2019 |  | Meeting of Creditors with 341(a) meeting to be held on **11/06/2019 at 11:00 AM** at RM 101, 3801 University Ave., Riverside, CA 92501. Confirmation hearing to be held on **11/20/2019 at 02:00 PM** at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. Proof of Claim due by **12/09/2019**. (Heston, Benjamin) WARNING: Notice not generated thru BNC. See docket entry #6 for correct meeting of creditors notice. Modified on 10/1/2019 (Lozano, Tanisha). (Entered: 09/30/2019) |
| 09/30/2019 | 3 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 09/30/2019) |
| 09/30/2019 | 2 | Certificate of Credit Counseling Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 09/30/2019) |

| Date Filed | # | Docket Text |
|---|---|---|
| 09/30/2019 | 1 | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Maximo Arturo Arriola (Heston, Benjamin)WARNING: See docket entries #4, #5, #7, and #8 for corrective actions. Case deficient for Dcl Db Emp Income(LBR F1002-1), due **10/15/19**. Chapter 13 Plan (LBR F3015-1), due **10/15/19**. Ch 13 Income (Form 122C-1), due **10/15/19**. Means Calculation(Form 122C-2), due **10/15/19**. See docket entry #4 for the Case Commencement Deficiency Notice and docket entry #5 for the Order to Comply.Modified on 10/1/2019 (Lozano, Tanisha). (Entered: 09/30/2019) |

# EXHIBIT 7

Printed on Nov 28 2023 12:43 pm

# 6:22-bk-13643 - Maximo Arturo Arriola

Docket Header Last Updated: 8/17/2023 2:00 pm

**Repeat-cacb, RepeatPACER, DISMISSED**

## U.S. Bankruptcy Court
## Central District of California (Riverside)
## Bankruptcy Petition #: 6:22-bk-13643-SY

|  |  |
|---|---|
| *Assigned to:* Scott H. Yun | *Date filed:* 09/29/2022 |
| Chapter 13 | *Debtor dismissed:* 08/16/2023 |
| Voluntary | *Plan confirmed:* 04/13/2023 |
| Asset | *341 meeting:* 11/02/2022 |
| Claims Register | |

*Debtor disposition:* Dismissed for failure to
make plan payments

| | |
|---|---|
| ***Debtor*** | represented by **Benjamin Heston** |
| **Maximo Arturo Arriola** | 100 Bayview Circle, Suite 100 |
| 4199 9th Street | Newport Beach, CA 92660 |
| Riverside, CA 92501 | 951-290-2827 |
| RIVERSIDE-CA | Fax : 949-288-2054 |
| SSN / ITIN: xxx-xx-9557 | Email: bhestonecf@gmail.com |

***Trustee***
**Rod Danielson (TR)**
3787 University Avenue
Riverside, CA 92501

EXHIBIT 8

(951) 826-8000

**U.S. Trustee**
**United States Trustee (RS)**

3801 University Avenue, Suite 720

Riverside, CA 92501-3200

(951) 276-6990

| Date Filed | # | Docket Text |
|---|---|---|
| 11/06/2023 | 72 | Chapter 13 Trustee's Final Report and Account Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) |
| 11/06/2023 | 71 | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) |
| 09/07/2023 | 70 | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod) |
| 08/18/2023 | 69 | BNC Certificate of Notice (RE: related document(s)[68] ORDER and Notice of Dismissal arising from Motion to dism Ch 13 (11 U.S.C. Section 1307) (BNC)) No. of Notices: 5. Notice Date 08/18/2023. (Admin.) |
| | | Motion to Dismiss Case (batch), Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option), Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (SM6) (Entered: 08/16/2023) |
| 08/15/2023 | 67 | Document, Hearing Held - GRANTED - (RE: related document(s)51 Trustee's Motion to Dismiss Case (batch)) (SM6) (Entered: 08/16/2023) |
| 07/20/2023 | 66 | Trustee's Comments on or Objection to *MOTION UNDER LBR 3015-1(n) and (w) TO MODIFY PLAN OR SUSPEND PLAN PAYMENTS* Filed by Trustee Rod Danielson (TR) (RE: related document(s)63 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Maximo Arturo Arriola filed by Debtor Maximo Arturo Arriola). (Danielson (TR), Rod) (Entered: 07/20/2023) |
| 07/12/2023 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) 51 TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on **08/15/2023 at 01:30 PM** 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 51 , (SM6) (Entered: 07/12/2023) |
| 07/11/2023 | 65 | Document, Hearing Continued (RE: related document(s)51 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for **8/15/2023 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) (Entered: 07/12/2023) |
| 07/11/2023 | 64 | Notice of motion/application Filed by Debtor Maximo Arturo Arriola (RE: related document(s)63 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Maximo Arturo Arriola). (Heston, Benjamin) (Entered: 07/11/2023) |

**EXHIBIT 8**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/2023 | 63 | Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) (Entered: 07/11/2023) |
| 07/08/2023 | 62 | Withdrawal re: Filed by Interested Party Courtesy NEF (related document(s)[7] Request for courtesy Notice of Electronic Filing (NEF) filed by Interested Party Courtesy NEF). (Smith, Valerie) |
| 05/25/2023 | 61 | BNC Certificate of Notice - PDF Document. (RE: related document(s)[59] Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 05/25/2023. (Admin.) |
| 05/24/2023 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) [51] TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on 07/11/2023 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [51], (SM6) |
| 05/23/2023 | 60 | Document, Hearing Continued (RE: related document(s)[51] Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for 7/11/2023 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) |
| 05/23/2023 | 59 | Order Granting Motion (By Stipulation) for relief from the automatic stay REAL PROPERTY with movant Lakeview Loan Servicing, LLC re: 4199 9th Street, Riverside, CA 92501 (BNC-PDF) (Related Doc # [39] and Doc # [52] Stipulation) Signed on 5/23/2023 (SM6) |
| 05/17/2023 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) [39] MOTION FOR RELIEF FROM STAY - REAL PROPERTY filed by Lakeview Loan Servicing, LLC) Hearing to be held on 06/14/2023 at 09:30 AM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [39], (SM6) |
| 05/17/2023 | 58 | Document, Hearing Continued (RE: related document(s)[39] Motion for Relief from Stay - Real Property filed by Creditor Lakeview Loan Servicing, LLC) The Hearing date is set for 6/14/2023 at 09:30 AM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) |
| 05/17/2023 | 57 | Hearing Set (RE: related document(s)[51] Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for 5/23/2023 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) |
| 05/17/2023 | 56 | Opposition to (related document(s): [51] Trustee's Motion to Dismiss Case ) AMENDED Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) |
| 05/17/2023 | 55 | Notice to Filer of Error and/or Deficient Document Incorrect hearing date was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION. ACCORDING TO LBR 3015-1(w)(3)(A), THE HEARING DATE MUST BE THE COURT'S NEXT AVAILABLE CHAPTER 13 CALENDAR DATE THAT PROVIDES THE CHAPTER 13 TRUSTEE WITH AT LEAST 7 DAYS NOTICE, BUT THE HEARING DATE MUST NOT BE MORE THAN 30 DAYS AFTER THE RESPONSE IS FILED. MATTER WILL NOT BE SET FOR CALENDAR UNTIL CORRECTION IS MADE. PURSUANT TO LBR 3015-1(w)(3)(A), THE COURT MAY GRANT THE MOTION WITHOUT A HEARING IF THE HEARING IS NOT SET TIMELY. THE DOCUMENT WAS FILED ON 5/16 AND THE HEARING DATE SHOULD BE 5/23/2023. (RE: related document(s)[54] Opposition filed by Debtor Maximo Arturo Arriola) (SM6) |
| 05/16/2023 | 54 | Opposition to (related document(s): [51] Trustee's Motion to Dismiss Case ) Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) WARNING: See docket entry no. 55 for corrective action. Incorrect hearing date selected. Matter not set on calendar. Modified on 5/17/2023 (SM6) |
| 05/16/2023 | 53 | Notice of lodgment of Order in Bankruptcy Case Re: Motion for Relief from The Automatic Stay under 11 U.S.C. § 362 Filed by Creditor Lakeview Loan Servicing, LLC (RE: related document(s)[39] Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 4199 9th Street, Riverside, California 92501 . Fee |

| Date Filed | # | Docket Text |
|---|---|---|
| | | Amount $188, Filed by Creditor Lakeview Loan Servicing, LLC, [52] Stipulation By Lakeview Loan Servicing, LLC and Maximo Arturo Arriola; Stipulation for Adequate Protection Re Motion for Relief from The Automatic Stay Pursuant to 11 U.S.C. § 362 Filed by Creditor Lakeview Loan Servicing, LLC). (Glowin, Nichole) |
| 05/16/2023 | 52 | Stipulation By Lakeview Loan Servicing, LLC and Maximo Arturo Arriola; Stipulation for Adequate Protection Re Motion for Relief from The Automatic Stay Pursuant to 11 U.S.C. § 362 Filed by Creditor Lakeview Loan Servicing, LLC (Glowin, Nichole) |
| 05/02/2023 | 51 | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod) |
| 04/24/2023 | 50 | Notice of intent to pay claims . (Danielson (TR), Rod) (Entered: 04/24/2023) |
| 04/15/2023 | 49 | BNC Certificate of Notice - PDF Document. (RE: related document(s)46 Order Confirming Chapter 13 Plan (BNC-PDF)) No. of Notices: 1. Notice Date 04/15/2023. (Admin.) (Entered: 04/17/2023) |
| 04/15/2023 | 48 | BNC Certificate of Notice (RE: related document(s)47 Confirming Ch 13 plan (Notice) (CACB Auto) (BNC)) No. of Notices: 7. Notice Date 04/15/2023. (Admin.) (Entered: 04/17/2023) |
| 04/13/2023 | 47 | Notice of order confirming chapter 13 plan (BNC) (AUTU) |
| 04/13/2023 | 46 | Order Granting Confirming Chapter 13 Plan (BNC-PDF) Signed on 4/13/2023 (RE: related document(s)[4] Meeting (AutoAssign Chapter 13), [17] Chapter 13 Plan (LBR F3015-1) filed by Debtor Maximo Arturo Arriola). (SM6) |
| 04/06/2023 | 45 | BNC Certificate of Notice - PDF Document. (RE: related document(s)[44] Notice of Lodgment of Order Confirming Chapter 13 Plan (Auto)) No. of Notices: 1. Notice Date 04/06/2023. (Admin.) |
| 04/04/2023 | 44 | Notice of lodgment of proposed order confirming chapter 13 plan (Danielson (TR), Rod) |
| 03/31/2023 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) [39] MOTION FOR RELIEF FROM STAY - REAL PROPERTY filed by Lakeview Loan Servicing, LLC) Hearing to be held on 05/17/2023 at 09:30 AM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [39], (SM6) |
| 03/29/2023 | 43 | Document, Hearing Continued (RE: related document(s)39 Motion for Relief from Stay - Real Property filed by Creditor Lakeview Loan Servicing, LLC) The Hearing date is set for 5/17/2023 at 09:30 AM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) |
| 03/28/2023 | 42 | Document, Hearing Held - PLAN CONFIRMED - (RE: related document(s)[17] Chapter 13 Plan (LBR F3015-1) filed by Debtor Maximo Arturo Arriola) (SM6) |
| 03/22/2023 | 41 | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 03/22/2023) |
| 03/06/2023 | 40 | Hearing Set (RE: related document(s)[39] Motion for Relief from Stay - Real Property filed by Creditor Lakeview Loan Servicing, LLC) The Hearing date is set for 3/29/2023 at 09:30 AM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/03/2023 | 39 | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 4199 9th Street, Riverside, California 92501 . Fee Amount $188, Filed by Creditor Lakeview Loan Servicing, LLC (Glowin, Nichole) |
| 03/01/2023 | | Hearing Rescheduled/Continued (Other) (BK Case - BNC Option) (RE: related document(s) [17] CHAPTER 13 PLAN (LBR F3015-1) filed by Maximo Arturo Arriola) Confirmation Hearing to be held on 03/28/2023 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [17], (SM6) |
| 03/01/2023 | | Hearing Rescheduled/Continued (Other) (BK Case - BNC Option) (RE: related document(s) 17 CHAPTER 13 PLAN (LBR F3015-1) filed by Maximo Arturo Arriola) Confirmation Hearing to be held on 03/28/2023 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 17 , (SM6) (Entered: 03/01/2023) |
| 02/28/2023 | 38 | Document, Hearing Continued (RE: related document(s)[17] Chapter 13 Plan (LBR F3015-1) filed by Debtor Maximo Arturo Arriola) Confirmation hearing to be held on 3/28/2023 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) |
| 02/01/2023 | | Hearing Rescheduled/Continued (Other) (BK Case - BNC Option) (RE: related document(s) [17] CHAPTER 13 PLAN (LBR F3015-1) filed by Maximo Arturo Arriola) Confirmation Hearing to be held on 02/28/2023 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [17], (SM6) |
| 01/31/2023 | 37 | Document, Hearing Continued (RE: related document(s)[17] Chapter 13 Plan (LBR F3015-1) filed by Debtor Maximo Arturo Arriola) Confirmation hearing to be held on 2/28/2023 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) |
| 12/22/2022 | 36 | BNC Certificate of Notice (RE: related document(s)35 Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 12/22/2022. (Admin.) (Entered: 12/22/2022) |
| 12/19/2022 | 35 | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AUTU) |
| 12/07/2022 | | Hearing Rescheduled/Continued (Other) (BK Case - BNC Option) (RE: related document(s) [17] CHAPTER 13 PLAN (LBR F3015-1) filed by Maximo Arturo Arriola) Confirmation Hearing to be held on 01/31/2023 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for [17], (SM6) |
| 12/06/2022 | 34 | Document, Hearing Continued (RE: related document(s)[17] Chapter 13 Plan (LBR F3015-1) filed by Debtor Maximo Arturo Arriola) Confirmation hearing to be held on 1/31/2023 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) |
| 12/05/2022 | 33 | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) |
| 12/05/2022 | 32 | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) |
| 12/05/2022 | 31 | Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) AMENDED Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) |
| 11/22/2022 | 30 | Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) |

# EXHIBIT 8

| Date Filed | # | Docket Text |
|---|---|---|
| 11/18/2022 | 29 | Hearing Set (RE: related document(s)17 Chapter 13 Plan (LBR F3015-1) filed by Debtor Maximo Arturo Arriola) Confirmation hearing to be held on **12/6/2022 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) (Entered: 11/18/2022) |
| 11/03/2022 | 28 | Objection to Confirmation of Chapter 13 Plan . (Danielson (TR), Rod) |
| 11/01/2022 | 27 | Declaration re: DECLARATION OF EDUARDO ARRIOLA REGARDING CONTRIBUTIONS TO CHAPTER 13 PLAN (WITH BANK STATEMENTS) Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) |
| 10/29/2022 | 26 | BNC Certificate of Notice - PDF Document. (RE: related document(s)[25] Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF)) No. of Notices: 1. Notice Date 10/29/2022. (Admin.) |
| 10/27/2022 | 25 | Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF) (Related Doc # [21]). Signed on 10/27/2022 (SM6) |
| 10/26/2022 | 24 | Document, Hearing Held - GRANTED - (RE: related document(s)[21] Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Maximo Arturo Arriola) (SM6) |
| 10/18/2022 | 23 | Proof of service SUPPLEMENTAL Filed by Debtor Maximo Arturo Arriola (RE: related document(s)[21] Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 4199 Ninth Street, Riverside, CA 92501; All property in which Debtor has an interest . Fee Amount $188,). (Heston, Benjamin) |
| 10/13/2022 | 22 | Hearing Set (RE: related document(s)21 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Maximo Arturo Arriola) The Hearing date is set for **10/26/2022 at 09:30 AM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) (Entered: 10/13/2022) |
| 10/12/2022 | 21 | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 4199 Ninth Street, Riverside, CA 92501; All property in which Debtor has an interest . Fee Amount $188, Filed by Debtor Maximo Arturo Arriola (Heston, Benjamin) |
| 10/12/2022 | 20 | Declaration re: DECLARATION OF EDUARDO ARRIOLA REGARDING CONTRIBUTIONS TO CHAPTER 13 PLAN Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) |
| 10/12/2022 | 19 | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) |
| 10/12/2022 | 18 | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) |
| 10/12/2022 | 17 | Chapter 13 Plan (LBR F3015-1). Filed by Debtor Maximo Arturo Arriola (RE: related document(s)[1] Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Maximo Arturo Arriola Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due **10/13/2022**. Schedule A/B: Property (Form 106A/B or 206A/B) due **10/13/2022**. Schedule C: The Property You Claim as Exempt (Form 106C) due **10/13/2022**. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due **10/13/2022**. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due **10/13/2022**. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due **10/13/2022**. Schedule H: Your Codebtors (Form 106H or 206H) due **10/13/2022**. Schedule I: Your Income (Form 106I) due **10/13/2022**. Schedule J: Your Expenses (Form 106J) due **10/13/2022**. Declaration About an Individual Debtors Schedules (Form 106Dec) due **10/13/2022**. Statement of Financial Affairs (Form 107 or 207) due **10/13/2022**. Chapter 13 Plan (LBR F3015-1) due by |

**EXHIBIT 8**

| Date Filed | # | Docket Text |
|---|---|---|
| | | 10/13/2022. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 10/13/2022. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 10/13/2022. Incomplete Filings due by 10/13/2022. (Heston, Benjamin) WARNING: See docket entry no. 5 for corrective action. Case is also deficient for Disclosure of Compensation of Attorney for Debtor (Form 2030) due 10/13/2022. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 10/13/2022. Modified on 9/29/2022 (EZ).). (Heston, Benjamin) |
| 10/12/2022 | 16 | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) |
| 10/12/2022 | 15 | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)[1] Voluntary Petition (Chapter 13)). (Heston, Benjamin) |
| 10/12/2022 | 14 | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years, Disposable Income Is Not Determined (Official Form 122C-1) Filed by Debtor Maximo Arturo Arriola (RE: related document(s)[1] Voluntary Petition (Chapter 13)). (Heston, Benjamin) |
| 10/05/2022 | 13 | Statement Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) |
| 10/05/2022 | 12 | Chapter 13 Trustee's Notice of Requirements Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) |
| 10/04/2022 | 11 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Glowin, Nichole. (Glowin, Nichole) |
| 10/01/2022 | 10 | BNC Certificate of Notice (RE: related document(s)6 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 10/01/2022. (Admin.) (Entered: 10/01/2022) |
| 10/01/2022 | 9 | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Maximo Arturo Arriola) No. of Notices: 1. Notice Date 10/01/2022. (Admin.) (Entered: 10/01/2022) |
| 10/01/2022 | 8 | BNC Certificate of Notice (RE: related document(s)4 Meeting (AutoAssign Chapter 13)) No. of Notices: 5. Notice Date 10/01/2022. (Admin.) (Entered: 10/01/2022) |
| 09/30/2022 | 7 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 09/30/2022) |
| 09/29/2022 | 6 | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Maximo Arturo Arriola) (EZ) (Entered: 09/29/2022) |
| 09/29/2022 | 5 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements recorded as deficient. THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Maximo Arturo Arriola) (EZ) (Entered: 09/29/2022) |

# EXHIBIT 8

| Date Filed | # | Docket Text |
|---|---|---|
| 09/29/2022 | | Notice of Debtor's Prior Filings for debtor Maximo Arturo Arriola Case Number 19-11731, Chapter 13 filed in California Central Bankruptcy on 03/04/2019 , Dismissed for Other Reason on 05/23/2019; Case Number 19-15323, Chapter 13 filed in California Central Bankruptcy on 06/18/2019 , Dismissed for Other Reason on 09/11/2019; Case Number 19-18638, Chapter 13 filed in California Central Bankruptcy on 09/30/2019 , Dismissed for failure to make plan payments on 07/27/2022.(Admin) (Entered: 09/29/2022) |
| 09/29/2022 | 4 | Meeting of Creditors with 341(a) meeting to be held on **11/2/2022 at 09:00 AM** at TR 13, VIDEO CONFERENCE. GOTO TRUSTEE WEBSITE FOR INSTRUCTIONS. Confirmation hearing to be held on **12/6/2022 at 01:30 PM** at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. Proofs of Claims due by **12/8/2022**. (Scheduled Automatic Assignment, shared account) (Entered: 09/29/2022) |
| 09/29/2022 | | Receipt of Voluntary Petition (Chapter 13)( **6:22-bk-13643**) [misc,volp13] ( 313.00) Filing Fee. Receipt number A54710365. Fee amount 313.00. (re: Doc# 1) (U.S. Treasury) (Entered: 09/29/2022) |
| 09/29/2022 | 3 | Certificate of Credit Counseling Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 09/29/2022) |
| 09/29/2022 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Maximo Arturo Arriola. (Heston, Benjamin) (Entered: 09/29/2022) |
| 09/29/2022 | 1 | Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Maximo Arturo Arriola Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due **10/13/2022**. Schedule A/B: Property (Form 106A/B or 206A/B) due **10/13/2022**. Schedule C: The Property You Claim as Exempt (Form 106C) due **10/13/2022**. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due **10/13/2022**. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due **10/13/2022**. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due **10/13/2022**. Schedule H: Your Codebtors (Form 106H or 206H) due **10/13/2022**. Schedule I: Your Income (Form 106I) due **10/13/2022**. Schedule J: Your Expenses (Form 106J) due **10/13/2022**. Declaration About an Individual Debtors Schedules (Form 106Dec) due **10/13/2022**. Statement of Financial Affairs (Form 107 or 207) due **10/13/2022**. Chapter 13 Plan (LBR F3015-1) due by **10/13/2022**. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: **10/13/2022**. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: **10/13/2022**. Incomplete Filings due by **10/13/2022**. (Heston, Benjamin) WARNING: See docket entry no. 5 for corrective action. Case is also deficient for Disclosure of Compensation of Attorney for Debtor (Form 2030) due **10/13/2022**. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by **10/13/2022**. Modified on 9/29/2022 (EZ). (Entered: 09/29/2022) |

EXHIBIT 8