**NEXUS BANKRUPTCY**
Benjamin Heston (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No: 6:23-bk-14028-SY |
| MAXIMO ARTURO ARRIOLA, | Chapter 13 |
| Debtor. | **DECLARATION OF BENJAMIN HESTON RE: APPLICATION OF ATTORNEY FOR DEBTOR FOR ALLOWANCE OF FEES AND EXPENSES FOLLOWING DISMISSAL OR CONVERSION OF CHAPTER 13 CASE SUBJECT TO A RIGHTS AND RESPONSIBILITIES AGREEMENT** |

I, Benjamin Heston, declare as follows:

1. I am the attorney of record in this bankruptcy case. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. My business model relies almost entirely on flat fees. I do not keep detailed billing records of the time I spend on tasks. This approach is rooted in my belief that clients should not pay more or less based on irrelevant factors that would change the speed at which I am getting work done. Flat fees ensure that my clients know exactly how much their legal services will cost, allowing them to plan their finances accordingly. It also helps me plan my business and income projections with greater accuracy, and, most importantly, I do not need to worry about keeping track of my time, which I find to be an utterly loathsome task. I typically bill hourly only for projects or tasks with highly

1

      variable work requirements (e.g., trial and trial preparation) or when performing Chapter 13 work that does not fall under the "no look" fee.

3. In lieu of detailed billing records, I provide the following narrative description of the tasks performed in this case.

4. This Chapter 13 case was filed shortly after a previous Chapter 13 case was dismissed. At the end of the prior case, the Debtor was attempting to refinance his property. After the dismissal, the Debtor was informed by a loan officer that refinancing could be done during a Chapter 13 case, but that there was a one-year waiting period following the dismissal of a bankruptcy. Based on this information, I filed the current Chapter 13 case to facilitate the refinancing. I also put the Debtor in touch with a colleague who is a real estate broker so that the Debtor could consider the possibility of selling the property. The case was initially filed as an emergency petition, with the remaining schedules and statements completed shortly thereafter.

5. Due to impending foreclosure and prior dismissal, I filed a motion to continue the automatic stay, which was granted. While there were costs associated with this motion (e.g., copying and postage), these expenses were minimal, and I am not seeking reimbursement for them.

6. I provided the Chapter 13 trustee with all requested documents, including a detailed contribution declaration pursuant to this Court's guidelines. I also filed declarations regarding taxes, domestic support obligations, and payments on secured debts.

7. Approximately three and a half months after the case was filed, the mortgage lender filed a motion for relief from the automatic stay. I filed an opposition to the motion and engaged in discussions with the lender's attorney to negotiate an adequate protection agreement that would allow the Debtor to remain in bankruptcy and continue working on refinancing the property. I attended hearings on this motion on January 24, 2024, February 14, 2024, and April 10, 2024.

8. Due to the motion for relief from stay and other changes during the case, I filed two amended Chapter 13 plans. I attended confirmation hearings on December 5, 2023, January 30, 2024, February 27, 2024, March 19, 2024, May 7, 2024, and June 18, 2024.

9. I filed a motion for authority to refinance real property, which was ultimately not prosecuted because the necessary information requested by the Trustee was not available, and the case was dismissed before that information could be obtained.

10. Since the prior case was dismissed, I have maintained close contact with the loan officer working on the refinancing. I kept her informed about developments in the bankruptcy case and provided various documents to assist with the refinancing application process.

11. The tasks described above represent the work performed in this Chapter 13 case. Given my flat fee business model, I am unable to provide detailed billing records with time entries. However, I believe the narrative provided accurately reflects the substantial efforts and services rendered on behalf of the Debtor. This case required substantially more work to be performed than most cases that are dismissed pre-confirmation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: July 19, 2024                                    /s/Benjamin Heston
                                                       BENJAMIN HESTON

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF BENJAMIN HESTON RE: APPLICATION OF ATTORNEY FOR DEBTOR FOR ALLOWANCE OF FEES AND EXPENSES FOLLOWING DISMISSAL OR CONVERSION OF CHAPTER 13 CASE SUBJECT TO A RIGHTS AND RESPONSIBILITIES AGREEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/19/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)    notice-efile@rodan13.com
Nichole Glowin    bankruptcy@zbslaw.com, nglowin@ecf.courtdrive.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 7/19/2024 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott H. Yun
3420 Twelfth Street
Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/19/2024 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**